[No. E030271. Fourth Dist., Div. Two. Apr. 12, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD WILLIAM WARD, Defendant and Appellant.

COUNSEL

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Bradley A. Weinreb and Janelle Boustany, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

GAUT, J.—

## 1. *Introduction*

Defendant Ronald William Ward appeals from an order extending his original commitment as a sexually violent predator for an additional two

years. His sole contention is that the court lost jurisdiction after his original commitment expired and the court dismissed the petition to extend his commitment but permitted another petition to be filed immediately.

We hold the court did not lose jurisdiction.

## 2. *Factual and Procedural Background*

In 1985, defendant pleaded guilty to committing lewd and lascivious acts by means of threat or force or both against his two stepchildren, a five-year-old girl and a three-year-old boy. Defendant was guilty of previous sexual crimes. Before defendant was scheduled to be released from prison, the court found him to be a sexually violent predator and committed him for two years from July 21, 1997, to July 21, 1999.[1]

Apparently, on June 7, 1999, the People filed a subsequent petition (the first petition) to extend the term of defendant's commitment another two years. On a defense motion, the court dismissed the first petition on June 30, 2000, because only one psychological examination supported the petition. On the same day, the People filed a new subsequent petition (the second petition) supported by two evaluations.

On May 11, 2001, the court found probable cause to proceed to trial. On July 19, 2001, based on the testimony of two psychologists, the court granted the second petition, finding that defendant was still a sexually violent predator. The court therefore committed him for another two years, beginning retroactively on July 21, 1999, and ending on July 21, 2001. A third subsequent petition for commitment was filed on July 6, 2001. Defendant appeals from the order granting the second subsequent petition.

## 3. *Discussion*

The Sexually Violent Predators Act (the Act)[2] provides for a two-year involuntary commitment of a "sexually violent predator," generally defined as a person who has been convicted of violent sex crimes against multiple victims and who, by reason of a diagnosed mental disorder, is likely to engage in sexually violent criminal behavior so as to constitute a danger to the health and safety of others.[3]

If the Department of Corrections determines, based on a standardized screening, that a prisoner in its custody may be a sexually violent predator,

---

[1] *People v. Ward* (1999) 71 Cal.App.4th 368 [83 Cal.Rptr.2d 828].

[2] Welfare and Institutions Code section 6600 et seq. All further statutory references are to the Welfare and Institutions Code.

[3] Section 6600, subdivision (a)(1).

it may refer that person for evaluation.[4] If two psychologists or psychiatrists both agree, based on a standardized assessment protocol, that the prisoner is a sexually violent predator, the district attorney may file an initial commitment petition.[5] The Act provides that the defendant must be in custody when the initial petition is filed. However, it also provides that "[a] petition shall not be dismissed on the basis of a later judicial or administrative determination that the individual's custody was unlawful, if the unlawful custody was the result of a good faith mistake of fact or law."[6]

At the trial, a jury or the trial court must determine whether the defendant is a sexually violent predator.[7] If so, he or she must be committed to the custody of the State Department of Mental Health for two years. The Act provides that the defendant "shall not be kept in actual custody longer than two years unless a subsequent extended commitment is obtained from the court incident to the filing of a petition for extended commitment. . . ."[8]

The procedures for an initial commitment also apply to an extended commitment to the extent possible.[9] The term of an extended commitment is two years from the end of the previous commitment.[10]

The People suggest the appeal may be moot if defendant has been released. We decline to consider that argument because there is no evidence in the record that defendant has been released. Instead, he is apparently the subject of a third subsequent petition, now pending, seeking another two-year commitment from July 21, 2001, to July 21, 2003.

■ Defendant claims that the trial court lost jurisdiction in this case when it dismissed the first subsequent petition because it was supported by only one psychological evaluation. We reject this argument for several reasons. First, any noncompliance with the procedural prerequisites of the Act, such as failure to have two written psychological examinations, did not deprive the trial court of jurisdiction.[11]

---

[4]Section 6601, subdivisions (a)(1) and (b).

[5]Section 6601, subdivisions (c), (d), (h), and (i).

[6]Section 6601, subdivision (a)(2).

[7]Section 6604.

[8]Section 6604.

[9]*People v. Superior Court (Gary)* (2000) 85 Cal.App.4th 207, 214 [101 Cal.Rptr.2d 874]; *Peters v. Superior Court* (2000) 79 Cal.App.4th 845, 849 [94 Cal.Rptr.2d 350]; *Butler v. Superior Court* (2000) 78 Cal.App.4th 1171, 1180-1181 [93 Cal.Rptr.2d 468].

[10]Section 6604.1, subdivision (a).

[11]*People v. Superior Court (Preciado)* (2001) 87 Cal.App.4th 1122, 1127-1131 [105 Cal.Rptr.2d 159]; *People v. Superior Court (Butler)* (2000) 83 Cal.App.4th 951, 960-962 [100 Cal.Rptr.2d 199].

In *Butler*,[12] for example, Butler was first committed for an original term of two years. Before Butler's original term of commitment expired, the People filed a subsequent petition for extended commitment from May 14, 1998, to May 14, 2000. On March 7, 2000, the appellate court held the subsequent petition was defective because it was supported by only one psychological evaluation. Before that opinion was final, the People cured the procedural defect on April 9, 2000, by filing a new subsequent petition supported by two evaluations. The trial court dismissed the first subsequent petition and ordered Butler released, an order the appellate court stayed.[13] The appellate court ultimately determined that, although the first subsequent petition was defective, the trial court did not lose jurisdiction and the defect could be cured by filing a new subsequent petition before the expiration on May 14, 2000, of the proposed extended term of commitment.[14]

That is, in effect what occurred here. Before defendant's original commitment ended on July 21, 1999, the People filed a subsequent petition seeking an extended commitment from July 21, 1999, to July 21, 2001. After the trial court dismissed the first subsequent petition on June 30, 2000, the People cured the defect by immediately filing the second subsequent petition. Defendant was recommitted before July 21, 2001, the date ending his second commitment, by which time a third subsequent petition had already been filed. Furthermore, if the court had intended to relinquish jurisdiction, it would not have allowed the People immediately to file a second subsequent petition. Given these circumstances, the trial court certainly intended to let the People cure any alleged procedural defect without losing jurisdiction.

Second, we are not convinced there was a procedural defect. The Act does not require two psychological examinations to be attached to the petition; nor does the Act require a subsequent petition to allege the existence of two psychological evaluations. Even if there was a procedural defect, the People could seek relief under section 6601, subdivision (a)(2), providing: "A petition shall not be dismissed on the basis of a later judicial or administrative determination that the individual's custody was unlawful, if the unlawful custody was the result of a good faith mistake of fact or law. This paragraph shall apply to any petition filed on or after January 1, 1996." Defendant argues the section was not effective until July 22, 1999. But the statute states otherwise, of course, and so does the legislative history: "The Legislature finds and declares that paragraph (2) of subdivision (a) of

---

[12]*People v. Superior Court (Butler), supra*, 83 Cal.App.4th at pages 960-962.
[13]*People v. Superior Court (Butler), supra*, 83 Cal.App.4th at pages 956-959.
[14]*People v. Superior Court (Butler), supra*, 83 Cal.App.4th at pages 961-963.

Section 6601 is declaratory of existing law."[15] Section 6601 would apply to the first subsequent petition, filed June 7, 1999, if the first petition was mistakenly dismissed.

■ Finally, our conclusions are "consistent with the overall purposes of the Act, which are to protect the public from a select group of offenders who are extremely dangerous and to provide treatment for them."[16] It would be contrary to those purposes to allow defendant to be released when the trial court has found probable cause for defendant's continued commitment, even if that finding was made after the expiration of defendant's original term of commitment.[17]

Defendant concedes that *Preciado, Hubbart v. Superior Court*,[18] and other cases are against him. But he urges this court to follow *Gary*,[19] a case in which the court dismissed a petition supported by two conflicting evaluations, one recommending against commitment, rather than two concurring evaluations. *Gary* is obviously factually distinguishable from the present case.

## 4. *Disposition*

The order appealed from is affirmed.

Hollenhorst, Acting P. J., and Richli, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 19, 2002. Kennard, J., did not participate therein.

---

[15]Section 6601. Historical and Statutory Notes, 73D West's Annotated Welfare and Institutions Code (2002 supp.) section 6601, page 43.

[16]*People v. Superior Court (Preciado)*, *supra*, 87 Cal.App.4th at pages 1130-1131.

[17]*People v. Superior Court (Butler)*, *supra*, 83 Cal.App.4th at pages 963-964.

[18]*Hubbart v. Superior Court* (1999) 19 Cal.4th 1138 [81 Cal.Rptr.2d 492, 969 P.2d 584].

[19]*People v. Superior Court (Gary)*, *supra*, 85 Cal.App.4th at page 211.