[No. D040624. Fourth Dist., Div. One. July 9, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
ROGER THOMAS COLLINS, Defendant and Appellant.

342

## COUNSEL

Steven J. Carroll, County Public Defender, Stephen M. Cohan and Gary R. Nichols, Deputy County Public Defenders, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Bradley A. Weinreb and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**O'ROURKE, J.**—Roger Thomas Collins appeals orders denying his petition for conditional release under Welfare and Institutions Code section 6608[1] of the Sexually Violent Predator Act (SVPA) and his motion for reconsideration of that order. Collins contends the court erred in denying his petition as frivolous because it was supported by substantial evidence and was not totally and completely without merit. We agree the petition was not based on frivolous grounds and thus reverse the court's order denying Collins's petition.

### FACTUAL AND PROCEDURAL BACKGROUND

In April 1998, the superior court found Collins to be a sexually violent predator and committed him to Atascadero State Hospital (Atascadero) under the SVPA. In February 2000, the superior court extended his commitment for an additional two years. In March 2002, the People petitioned for a second extension of Collins's commitment. In the petition the People alleged Collins continued to have a diagnosed mental disorder that made him a danger to the health and safety of others in that it was likely he would engage in sexually violent behavior. It attached forensic reports prepared in December 2001 and February 2002, respectively, by psychiatrist Jay Seastrunk, M.D., and clinical psychologist Mark Scherrer. Dr. Seastrunk and Scherrer both found Collins

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

met the criteria for a sexually violent predator and recommended his commitment be extended. Collins waived his right to be present at pretrial proceedings on the People's petition, on the ground his medical needs would not be met on his travel to and incarceration in San Diego.

On July 1, 2002, Collins petitioned for conditional release under section 6608, subdivisions (a) and (d) and sought a hearing on the issue. In points and authorities, he argued he had undergone medroxyprogesterone acetate injections, commonly known as hormone suppression treatment or chemical castration,[2] which was a change of condition justifying his release into the community. He also asserted he had successfully completed two phases of a sex offender treatment program, as well as courses in human sexuality and interpersonal skills. Collins contended these circumstances, combined with his health problems, demonstrated he did not have a serious difficulty controlling his sexually violent behavior and was not likely to reoffend if placed under appropriate supervision in the community. Collins attached a report prepared in June 2002 by staff psychiatrist Mary Flavan, M.D., Collins's treating psychiatrist, in which she reviewed Collins's history of pedophilia and medical treatment in advance of further SVPA proceedings. In that report, Dr. Flavan stated it was her opinion that Collins's risk was greatly reduced and he could be managed in the community if he were released and placed in a nursing-home-type setting. Collins's counsel submitted a declaration in support of the petition. He averred Dr. Flavan had agreed to accept a subpoena for a hearing on the petition and would testify Collins had been chemically castrated, and additional Atascadero staff would testify based on their professional expertise and personal knowledge that Collins was not likely to reoffend if released to proper supervision in the community.

The superior court denied Collins's petition. It first observed Collins was a chronic recidivist, reoffending with multiple victims at one point, and also noted Flavan's report did not endorse his entry into the conditional release program. The court ruled (1) Collins's petition was frivolous under section 6608; and (2) even if it were not frivolous, Collins was not an appropriate candidate for release on the ground there was a reasonable likelihood he was going to recidivate. On July 3, 2002, Collins sought reconsideration, submitting a letter from Dr. Flavan in which she wrote Collins's treatment team, including herself and Warren Icke, Ph.D., believed Collins "can be managed safely in the community if released under appropriate conditions." The court denied reconsideration.

On August 8, 2002, Collins filed a notice of appeal of the superior court's July 1, 2002 order denying his petition for conditional release and July 3,

---

[2] Gimino, *Mandatory Chemical Castration for Perpetrators of Sex Offenses Against Children: Following California's Lead* (1997) 25 Pepperdine L.Rev. 67, 73–75.

2002 order denying reconsideration of its ruling. The next day, Collins waived jury trial on the People's petition to extend his commitment an additional two years, withdrew his opposition, and submitted that issue to the court based on Dr. Seastrunk's and Scherrer's evaluations. The superior court ordered Collins recommitted to the California Department of Mental Health (DMH) for another two years so that his commitment period extended to March 13, 2004.

## DISCUSSION

### I. SVPA Proceedings for Conditional Release

The issues in this appeal involve proceedings for conditional release under section 6608 of the SVPA, which we briefly summarize. ■ Because the SVPA is designed to ensure a committed person does not remain confined any longer than he or she qualifies as a sexually violent predator, it provides means for that individual to obtain review of his or her mental condition to determine if civil confinement is still necessary. (*People v. Cheek* (2001) 25 Cal.4th 894, 898 [108 Cal.Rptr.2d 181, 24 P.3d 1204] (*Cheek*).) One of two ways such review may be had is by petition for conditional release before expiration of the committed person's two–year term of commitment under section 6608. (*Cheek*, at p. 898; § 6608, subd. (a).)[3]

■ Conditional release proceedings can be initiated by the DMH if it "determines that the person's diagnosed mental disorder has so changed that the person is not likely to commit acts of predatory sexual violence while under supervision and treatment in the community." (§ 6607, subd. (a).) But absent the DMH's recommendation, the committed person can petition the court for conditional release any time after one year of commitment. (§ 6608, subd. (c).) Section 6608 subdivision (a) provides: "Nothing in this article shall prohibit the person who has been committed as a sexually violent predator from petitioning the court for conditional release and subsequent unconditional discharge without the recommendation or concurrence of the Director of Mental Health. If a person has previously filed a petition for conditional release without the concurrence of the director and the court determined, either upon review of the petition or following a hearing, that the petition was frivolous or that the committed person's condition had not so changed that he or she would not be a danger to others in that it is not likely that he or she will engage in sexually violent criminal behavior if placed under supervision and treatment in the community, then the court shall deny the subsequent petition unless it contains facts upon which a court could find

---

[3] The other way a defendant can obtain review of his or her current mental condition is through section 6605, which calls for annual review of a defendant's mental status that may lead to *unconditional* release. (*Cheek, supra,* 25 Cal.4th at p. 898.)

that the condition of the committed person had so changed that a hearing was warranted. Upon receipt of a first or subsequent petition from a committed person without the concurrence of the director, the court shall endeavor whenever possible to review the petition and determine if it is based upon frivolous grounds and, if so, shall deny the petition without a hearing. The person petitioning for conditional release and unconditional discharge under this subdivision shall be entitled to assistance of counsel."

 Before acting on a petition for conditional release under section 6608, subdivision (a), the superior court must first obtain the written recommendation of the director of the treatment facility to which the person is committed. (*Id.*, subd. (j).) The court reviews the petition in order to "determine if it is based upon frivolous grounds," and if it so finds, it "shall deny the petition without a hearing." (*Id.*, subd. (a).) Section 6608, subdivision (b) provides: "The court shall give notice of the hearing date to the attorney designated in subdivision (i) of Section 6601, the retained or appointed attorney for the committed person, and the Director of Mental Health at least 15 court days before the hearing date."

Section 6608, subdivision (d) provides in part: "The court *shall hold a hearing* to determine whether the person committed would be a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior due to his or her diagnosed mental disorder if under supervision and treatment in the community. If the court ... determines that the committed person would not be a danger to others due to his or her diagnosed mental disorder while under supervision and treatment in the community, the court shall order the committed person placed with an appropriate forensic conditional release program operated by the state for one year." (Italics added.) "At the end of one year, the court shall hold a hearing to determine if the person should be unconditionally released from commitment on the basis that, by reason of a diagnosed mental disorder, he or she is not a danger to the health and safety of others in that it is not likely that he or she will engage in sexually violent criminal behavior. The court shall not make this determination until the person has completed at least one year in the state–operated forensic conditional release program." (*Ibid.*)

## II. Waiver

We first address the People's contention that Collins waived his claims by relinquishing his right to a trial and submitting to the court the issues presented by the People's petition for continued involuntary treatment under section 6604. They compare his action to a plea of guilty or of no contest resulting in an admission of "all matters essential to the conviction," thus barring this appeal. The contention is without merit.

■ Proceedings under the SVPA are civil in nature. (*Cooley v. Superior Court* (2003) 29 Cal.4th 228, 250 [127 Cal.Rptr.2d 177, 57 P.3d 654]; *People v. Superior Court (Preciado)* (2001) 87 Cal.App.4th 1122, 1128 [105 Cal.Rptr.2d 159] (*Preciado*).) Thus, we do not apply principles applicable to criminal proceedings, unless the Legislature has indicated otherwise. (*Preciado*, at p. 1128.) We have not found and the People have not cited to any provision of the SVPA or expression of legislative intent indicating we should employ anything other than rules of civil procedure in connection with Collins's section 6608 petition. ■ Indeed, section 6608 provides for a civil standard of proof: "In any hearing authorized by [section 6608], the petitioner shall have the burden of proof by a preponderance of the evidence." (Welf. & Inst. Code, § 6608, subd. (i); Evid. Code, § 115 ["Except as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence"]; *Conservatorship of Wendland* (2001) 26 Cal.4th 519, 546 [110 Cal.Rptr.2d 412, 28 P.3d 151] [preponderance standard is the "default" standard of proof in civil cases].) We decline to apply rules relating to guilty pleas in this proceeding.

But even if we were to find Collins's submission was tantamount to some kind of admission of all elements necessary to extend his commitment, this would not prevent him from challenging on appeal the superior court's decision on his petition for conditional release under section 6608. ■ When the People file a new petition to commit a person to an additional two-year term under the SVPA, the issue for trial is whether "the person is, by reason of a diagnosed mental disorder, a danger to the health and safety of others in that the person is likely to engage in acts of sexual violence upon his or her release from the jurisdiction of the Department of Corrections or other secure facility." (§§ 6602, subd. (a), 6604; see *Butler v. Superior Court* (2000) 78 Cal.App.4th 1171, 1179–1180 [93 Cal.Rptr.2d 468] [recommitment procedures and criteria are the same as those for filing the initial petition for commitment]; accord, *People v. Ward* (2002) 97 Cal.App.4th 631, 634 [118 Cal.Rptr.2d 599].) This question plainly focuses on the person's danger upon their *unconditional* release into the community. (See, e.g., *Cheek*, *supra*, 25 Cal.4th at p. 899 [noting section 6602 resembles section 6605, permitting unconditional release into the community].) Section 6608, on the other hand, permits an already committed person to petition for *conditional* release to a community treatment program anytime after one year of commitment. (*Id.*, subd. (c); *Cheek*, at p. 898; *People v. Hubbart* (1999) 19 Cal.4th 1138, 1148 [81 Cal.Rptr.2d 492, 969 P.2d 584].) ■ The issue to be decided by the court on a petition for conditional release filed without the recommendation or concurrence of the Director of Mental Health is "whether the person *committed* would be a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior due to

his or her diagnosed mental disorder *if under supervision and treatment in the community*." (§ 6608, subd. (d), italics added; see *id.*, subd. (a).) The inquiries are different. (E.g., *Cheek*, 25 Cal.4th at p. 902.[4]) █ Collins's concession, assuming arguendo there was one, that he did not meet the standard for unconditional release did not affect his right or ability to seek *conditional* release under section 6608 and it does not constitute a waiver of his appellate challenge to the superior court's decision on his petition.

III. The Trial Court Abused its Discretion in Ruling Collins's Petition was Frivolous and Denying Him a Hearing

Collins contends the trial court erred in denying his petition for conditional release under Welfare and Institutions Code section 6608. He maintains the petition was not frivolous because it was supported by substantial evidence, consisting of his counsel's offer of proof that Collins's treating psychiatrist and other Atascadero professionals would testify he was not likely to engage in sexually violent criminal behavior if placed under supervision and treatment in the community. Applying the standard for frivolous appeals under *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179] (*Flaherty*), Collins argues the petition should have been granted because it was neither prosecuted for an improper motive nor was it indisputably without merit. We conclude the trial court abused its discretion in its ruling because the petition was not "based upon frivolous grounds" (Welf & Inst. Code, § 6608, subd. (a)) under the definition of the term "frivolous" in Code of Civil Procedure section 128.5.

█ The SVPA does not define the term "frivolous" as used in Welfare and Institutions Code section 6608, subdivision (a), and we have found no California case law interpreting the term in this context. However, we see no reason why the Legislature's definition of the term used in the Code of Civil Procedure should not apply to SVPA civil proceedings. Code of Civil Procedure section 128.5, subdivision (b)(2) defines "frivolous" to mean "(A) totally and completely without merit or (B) for the sole purpose of harassing an opposing party." Whether action taken by a party or party's attorney is frivolous under that statute " 'is governed by an objective standard: Any reasonable attorney would agree it is totally and completely without merit.' " (*Gemini Aluminum Corp. v. California Custom Shapes, Inc.* (2002) 95

---

[4] In *Cheek*, the court said: "There are ... critical differences in function between [section 6605 and section 6608]. Section 6608, which provides for conditional release to a community treatment program, does not mention section 6605, and permits a defendant to be unconditionally released only after the defendant has spent a year in a conditional release program. Section 6605, on the other hand, permits unconditional release without prior placement in a conditional release program." (*Cheek*, *supra*, 25 Cal.4th at p. 902.)

Cal.App.4th 1249, 1262 [116 Cal.Rptr.2d 358].)[5] This is essentially the standard used by the *Flaherty* court. (*Flaherty, supra,* 31 Cal.3d at p. 650 [appeal is frivolous and subject to sanction "only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit"].)

The People argue the Code of Civil Procedure's definition is overly broad; that it "would mandate a hearing whenever there was any evidence, however slight, in support of the defendant's position" including the defendant's own handwritten letter. Analogizing petitions made under Welfare and Institutions Code section 6608 of the SVPA to those made under section 388 in dependency cases, they assert a petition should be deemed frivolous under section 6608 unless it is accompanied by competent, admissible evidence supporting the defendant's request. ▮ The two sections differ. Section 388 expressly requires petitions to be verified (*Id.,* subds. (a), (b)); section 6608 contains no equivalent language. Thus, a section 388 petition unaccompanied by any sworn declaration or evidentiary showing is insufficient under that statute's plain language. Further, the Legislature could have expressly set forth a requirement for admissible evidence as it does in other parts of the SVPA. (See § 6603, subd. (d) ["Nothing in this section shall prevent the defense from presenting otherwise relevant and admissible evidence"].) We reject the contention a court would be compelled to grant a hearing in every case where there is only slight evidence to support the defendant's position; if the defendant's position is completely without merit, a hearing should be denied regardless whether admissible evidence supports the position. On the other hand, if the defendant's position has some merit on the issue of whether he or she may qualify for conditional release, the statute requires that the court provide the defendant a hearing on the matter. (§ 6608, subd. (d) ["The court shall hold a hearing"].)

Applying the Code of Civil Procedure section 128.5 standard for frivolousness, we are compelled to conclude the court erred in its ruling. The sole issue before the trial court on its receipt of Collins's petition under Welfare and Institutions Code section 6608 was whether the petition was based upon

---

[5] In *Gemini* we explained for sanctions to be imposed under Code of Civil Procedure section 128.5, the action must be frivolous and also done with subjective bad faith. (*Gemini Aluminum Corp. v. California Custom Shapes, Inc., supra,* 95 Cal.App.4th at p. 1262.) Bad faith is not a consideration in Welfare and Institutions Code section 6608. Further, we recognize Code of Civil Procedure section 128.5 authorizes trial courts to impose sanctions only for bad faith actions or tactics arising from proceedings initiated on or before December 31, 1994. (*Id.,* subd. (b)(1).) In our view, this does not prevent us from applying the Legislature's definition of frivolous used therein to these SVPA proceedings.

frivolous grounds.[6] (§ 6608, subd. (a).) The People argued Collins's petition was frivolous because (1) Dr. Flavan's attached report was merely a treatment update and did not recommend Collins be released; (2) the petition was unaccompanied by any offer of proof or declaration specifying which psychologist would say with certainty that Collins should be released; and (3) Dr. Seastrunk and Scherrer concluded in their reports that Collins should remain at Atascadero. But in her report, Dr. Flavan stated: "[Collins] is in Phase III and on antiandrogen treatment. His determination to continue antiandrogen medication even in the face of his physical problems is very strong. It is my opinion that his risk is greatly reduced and can be managed in the community." Further, Collins provided the sworn declaration of his counsel containing an offer of proof as to Flavan's testimony about Collins's antiandrogen treatment as well as that of other witnesses, and on reconsideration his counsel advised the court that at least two representatives of Collins's treatment team would be prepared to provide affidavits or appear at the hearing to testify of their belief he could be managed safely in the community if released under appropriate conditions. Finally, Dr. Seastrunk and Scherrer addressed a different issue in their reports, namely whether Collins met the criteria for a sexually violent predator for purposes of an extension of his commitment. Thus, they focused on whether Collins was a danger if *unconditionally released* into the community. (§ 6602, subd. (a).)

Other than to note Collins had been a chronic recidivist and express its view that the report attached to his petition did not endorse his conditional release, the court did not explain the basis for its conclusion that Collins's petition was frivolous or based upon frivolous grounds.[7] Based on this record, we find no support for the superior court's conclusion that Collins's

[6] In their briefs, the parties did not appear to dispute the proposition that Collins would have been entitled to an evidentiary hearing under section 6608 if the trial court had properly found his petition was *not* frivolous. However, at oral argument before this court the People suggested Collins was not entitled to an *evidentiary* hearing under the conditional release scheme, and the trial court's consideration of the merits at the same time it considered the issue of frivolousness was sufficient for purposes of the conditional release statute. An approach combining the determination of the petition's frivolousness and the question of the committed person's qualification for conditional release, however, would expressly contradict the language of the conditional release statute, which, as we read it, requires a noticed hearing in the event the court determines the petition is not frivolous. (§ 6608, subds. (b) ["The court shall give notice of the hearing date"], (d) ["The court shall hold a hearing"].) Further, the court ruled upon Collins's petition on the very day it was filed. Collins had no time to prepare witnesses and additional evidence as the statute contemplates.

[7] The court said: "All right. Well first of all, I'll note that every time he has ever been released from prison he's re-offended, and so that gives me pause. And the last time he re-offended with multiple victims. And that would have been in 1990, 1991, and so up and to that point he—I would call him a chronic recidivist because he had an incident in the seventies and in the eighties and then, when he was finally released in the late eighties, re-offended with multiple victims in 1990, I believe it was. And not only did he re-offend, but it says in the reports that he would do things like try to get close to people, that he would sort of target

petition was totally or completely without merit or taken for an improper purpose; and the court proceeded to determine the issue of Collins's qualification for conditional release without a hearing. Under these circumstances, it was not for the trial court to decide the issue; it was only to determine whether he had presented a petition based on nonfrivolous grounds so as to entitle him to a hearing on the matter. (§ 6608, subds. (b), (d).)

## DISPOSITION

The order denying Roger Thomas Collins's petition for conditional release under Welfare and Institutions Code section 6608 is reversed. The superior court is directed to set the matter for a hearing on the petition in accordance with section 6608.

Kremer, P. J., and Benke, J., concurred.

Respondent's petition for review by the Supreme Court was denied September 24, 2003.

---

single women with young children and get close to the mom, curry favor with her by buying things, paying for things, et cetera, and then gain her confidence and then use that confidence that was gained through his gifts to get at children. [¶] And so while these reports indicate that he has made some progress while he's been in treatment, I don't read them, frankly, the same way as you do, that this is a—an endorsement that he be released to CONREP [conditional release program]. And I don't think he is an appropriate candidate for CONREP, based on what I'm reading in these reports. And so I think ... section 6608 tells me that if there does not—well, number one, I find that the petition for release to CONREP's frivolous, so I'm going to deny the petition. Number two, I'm going to find that even if I found that it was not frivolous that he's not an appropriate candidate to be released and that the statute says that if I don't think—if I think there's any reasonable likelihood he's going to recidivate, which I think there is, then I'm required by law, I shall not allow him to be released to CONREP, so I'm not going to do that."