Filed 5/7/13; pub. order 5/28/13 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| **THE PEOPLE,**<br><br>    **Plaintiff and Respondent,**<br><br>        **v.**<br><br>**FRAISURE SMITH,**<br><br>    **Defendant and Appellant.** | **A135760**<br><br><br>**(Solano County**<br>**Super. Ct. No. FCR208822)** |

Fraisure Smith (appellant) appeals from an order denying his petition for conditional release or unconditional discharge under Welfare and Institutions Code section 6608 of the Sexually Violent Predator Act (SVPA).[1] He contends the trial court erred in denying his petition without a hearing, concluding it was frivolous. We agree. The trial court's order is reversed and the matter is remanded for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant was sentenced to a prison term after he entered a no contest plea to a charge of assault with intent to commit rape and admitted prior conviction and prior prison term allegations. (Pen. Code, §§ 220, 667.5, subd. (b), 1170.12.) Before his initial parole date, the Board of Parole Hearings imposed a 45-day no bail hold in order to conduct a sexually violent predator (SVP) evaluation, and the district attorney filed a petition alleging appellant was an SVP. In July 2010, a jury found the petition true, and the court committed appellant to the State Department of Mental Health for an

---

[1] Undesignated section references are to the Welfare and Institutions Code.

1

indeterminate period for appropriate treatment and confinement in a secure facility. He was admitted to Coalinga State Hospital on August 24, 2010.

On or about April 12, 2012, appellant filed a petition for conditional release and unconditional discharge (§ 6608). He also requested that the court appoint an independent mental health expert (§ 6605, subd. (a)) and counsel to assist him, stating, "I am not employed and I am indigent and do not have the resources to hire and obtain my own attorney, my own mental health expert, or to pay any filing fees and costs."[2]

On April 30, 2012, the trial court denied the petition without a hearing, stating in its denial order: "The requested relief is premature. No hearing is compelled here as '. . . there is only slight evidence to support' . . . the petition. (*People v. [Reynolds]* (2010) 181 Cal.App.4th 1402.)"

Appellant filed a timely notice of appeal from the trial court's order.

## DISCUSSION

"Because the SVPA is designed to ensure a committed person does not remain confined any longer than he or she qualifies as [an SVP], it provides means for that individual to obtain review of his or her mental condition to determine if civil confinement is still necessary. [Citation.]" (*People v. Collins* (2003) 110 Cal.App.4th 340, 346 (*Collins*).) A person committed as a sexually violent predator may petition for conditional release or an unconditional discharge any time after one year of commitment, notwithstanding the lack of recommendation or concurrence by the Director of Mental Health. (§ 6608, subds. (a) & (c); *Collins*, at p. 346; *People v. Reynolds* (2010) 181 Cal.App.4th 1402, 1406-1407 (*Reynolds*).) "Upon receipt of such a petition without the concurrence of the director, the court 'shall endeavor whenever possible to review the petition and determine if it is based upon frivolous grounds and, if so, shall deny the petition without a hearing.' (§ 6608, subd. (a).) If the petition is not found to be frivolous, the court shall hold a hearing to determine whether the person committed would be a danger to the health and safety of others in that it is likely that he or she will

---

[2] Attorney Rudy Kraft appears to have assisted appellant in filing the petition.

engage in sexually violent criminal behavior due to his or her diagnosed mental disorder. (§ 6608, subd. (d).)" (*Reynolds*, at p. 1407.) "The court is required to hold a hearing only if the petition is not based on frivolous grounds. [Citation.]" (*Ibid.*)

Noting the SVPA does not define the term "frivolous" as it is used in section 6608, subdivision (a), the court in *Collins* relied on the definition used in Code of Civil Procedure section 128.5, subdivision (b)(2), which defines "frivolous" as "(A) totally and completely without merit or (B) for the sole purpose of harassing an opposing party." (*Collins*, *supra*, 110 Cal.App.4th at p. 349 [applying an objective standard: whether " ' "any reasonable attorney would agree it is totally and completely without merit." ' [Citation.]"].)

*Reynolds* stated that, on appeal from a dismissal without a hearing, it would review the facial adequacy of the petition to state a basis for relief, specifically, to determine whether the defendant has alleged facts "that will show he is not likely to engage in sexually violent criminal behavior due to his diagnosed mental disorder without supervision and treatment in the community . . . ." (*Reynolds*, *supra*, 181 Cal.App.4th at p. 1407 [finding a petition for release from involuntary treatment analogous to habeas corpus proceedings].)

In this case, respondent concedes that the court erred in dismissing appellant's petition without a hearing. We agree. Appellant attached to his petition his annual evaluation stating the conclusion of a psychologist that his "mental condition HAS NOT changed such that he no longer meets the definition of Sexually Violent Predator. That is, as a result of a mental disorder, [appellant] remains a danger to the health and safety of others in that he is likely to engage in sexually violent predatory criminal behavior in the future without adequate supervision and treatment." The psychologist stated, however, "[Appellant] has made significant progress in treatment, and once he completes Phase II and is successfully staffed into Phase III to include a non-deceptive sex history polygraph; an acceptable measurement of sexual arousal, indicating non-deviant sexual arousal; and a PTEAP evaluation and Phase III staffing recommending Phase III treatment, he COULD be adequately treated and managed in a less restrictive treatment

3

setting providing there is adequate supervision and treatment available.  Specifically, once achieving these milestones, he would be demonstrating significant progress in treatment therefore making it likely that under appropriate supervision and treatment in the community, he would not commit additional acts of predatory sexual violence.  With that being said[,] however, since he continues to meet SVP criteria, continues to pose a risk without adequate supervision and treatment in the community, he would not meet criteria for unconditional release at this time."

Appellant also attached an article written by two psychiatrists who were involved in production of the latest version of the Diagnostic and Statistical Manual of Mental Disorders (DSM).  (Frances et al., *Paraphilia NOS, Nonconsent:  Not Ready for the Courtroom* (Nov. 4, 2011) 39 J. Am. Acad. Psychiatry Law 555.)[3]  The central premise of the article is that "paraphilia NOS has been widely misapplied in SVP hearings to criminals who have no mental disorder by evaluators who have misinterpreted DSM-IV." (*Id.*, at p. 557.)  The authors stated that NOS (not otherwise specified) categories are "based on clinical judgment alone with no criteria provided" and "are meant to be no more than residual wastebaskets provided by DSM-IV to encourage research and for the convenience of clinicians when coding patients who do not fit within one of the specific DSM-IV categories."  (*Ibid*.)  Because they do not have criteria sets, the NOS categories "can never be diagnosed reliably."  (*Ibid*.)  Moreover, the authors indicated that "paraphilic rapism had been considered and ruled out as a paraphilia in [the DSM-III, the DSM-III-R, and the DSM-IV]."  (*Ibid*.)  The authors acknowledged that "very occasionally, there may be a rapist whose behavior actually is motivated by paraphilia (i.e., he is able to achieve sexual arousal only or primarily when fantasizing about or performing the act of rape)," but they concluded the forensic use of a diagnosis of Paraphilia NOS, Nonconsent had allowed the widespread misapplication of the diagnosis to rapists who were "no more than simple criminals."  (*Id*., at p. 558.)  The authors opined that this diagnosis should be allowed in court "only when supported by

---

[3]   This article can be found at <http://www.jaapl.org/content/39/4/555.full.pdf+html> as of May 7, 2013.

4

incontrovertible evidence that fantasizing or performing a rape is a specific and necessary sexual stimulus for the rapist." (*Id.*, at p. 558.)

Finally, appellant provided a declaration in which he stated: "I am not presently aroused by deviant sexual fantasies or urges and I have presented my treatment providers with a complete and accurate sexual history." He said events after his annual review made him a candidate for conditional release, namely, that he was informed by personnel at Coalinga State Hospital that the Department of Mental Health sent a recommendation to the hospital indicating that he was ready for placement in an outpatient program, but his attempts to obtain a copy of this document were unsuccessful. Appellant stated that he had not yet submitted to a polygraph examination due to a shortage of polygraph examiners, but he was willing to do so at any time. He said he was still working toward Phase III but had not yet completed all the work required to progress; he did not believe he would ever be staffed into Phase III because he had been informed by hospital staff that, in the near future, the program was going to transition to another model of treatment and would stop using the current phase system. Appellant stated two hospital psychologists had informed him that the validity of his diagnosis, paraphilia NOS, was currently in dispute and was "in the process of disappearing as valid diagnosis" from the DSM-IV and the State Department of Mental Health's diagnostic process.

As respondent concedes, in combination, these facts "pass[] muster." They show appellant had made "significant progress" in his treatment and that, in some respects, matters outside his control prevented him from progressing to the required level for release; they undermine the validity of the diagnosis that led to his commitment; and, if believed, they indicate that this diagnosis, which indicates he is a danger to others, no longer applies.[4] There is no substantial evidence to support a finding that appellant's petition is totally and completely without merit or for the purpose of harassment.

---

[4]   Appellant's declaration is unsigned, and it is not clear that he has laid a sufficient foundation to establish the admissibility of the article. Nothing in section 6608 requires that a defendant support his petition with admissible evidence in order to obtain a hearing. (*Collins*, *supra*, 110 Cal.App.4th at p. 350 [rejecting the argument that a petition

5

In so holding, we conclude only that the trial court erred in denying appellant a hearing; we express no opinion regarding the merits of appellant's petition.

In light of our conclusion that the case must be remanded for a full section 6608 hearing, we need not decide appellant's assertions of error regarding the trial court's failure to appoint counsel and an independent expert. We observe, however, that section 6608, subdivision (a) provides, "The person petitioning for conditional release and unconditional discharge under this subdivision shall be entitled to assistance of counsel"; and the California Supreme Court stated in *People v. McKee* (2010) 47 Cal.4th 1172, 1193: "Given that the denial of access to expert opinion when an indigent individual petitions on his or her own to be released may pose a significant obstacle to ensuring that only those meeting SVP commitment criteria remain committed, we construe section 6608, subdivision (a), read in conjunction with section 6605, subdivision (a), to mandate appointment of an expert for an indigent SVP who petitions the court for release." In addition, we note that respondent concedes, "Upon remand, appellant will be entitled to an attorney to assist him at the hearing. . . . Similarly, once the court sets the section 6608 hearing, appellant is entitled to the appointment of an expert."

DISPOSITION

The order denying appellant's petition for conditional release or unconditional discharge (§ 6608) is reversed, and the matter is remanded to the trial court with directions to set the matter for a hearing on the petition in accordance with section 6608.

should be deemed frivolous under section 6608 unless it is accompanied by competent, admissible evidence supporting the defendant's request].)

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

NEEDHAM, J.

Filed 05/28/13

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION FIVE

|  |  |
|---|---|
| **THE PEOPLE,**<br><br>    **Plaintiff and Respondent,**<br><br>        **v.**<br><br>**FRAISURE SMITH,**<br><br>    **Defendant and Appellant.** | **A135760**<br><br>**ORDER GRANTING REQUEST FOR PUBLICATION**<br><br>**(Solano County Super. Ct. No. FCR208822)** |

Appellant has requested that our opinion, filed on May 7, 2013, be certified for publication. After reviewing the request, we have concluded the case meets the requirements for publication. Pursuant to California Rules of Court, rule 8.1105(b), the request is GRANTED.

The opinion is ordered published in the Official Reports.

Superior Court of Solano County, No. FCR208822, Donna L. Stashyn, Judge.

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Bridget Billeter, Deputy Attorneys General, for Plaintiff and Respondent.