CODRINGTON, J.,
Dissenting.-—The majority opinion concludes the. trial court’s dismissal of defendant’s petition as frivolous should be reversed because defendant met his burden of proof by a preponderance of evidence to show the petition was not utterly meritless. Based on defendant’s refusal to submit to mental health treatment, I reject the majority holding that the trial court abused its discretion. Accordingly, I respectfully dissent.
Defendant Francis John LaBlanc, who turns 73 in August 2015, was convicted of two rapes in Colorado, committed in 1962 and 1964. In 1964, he admitted to having raped 12 or 15 women in Colorado although he did not know exactly how many. He was known as the “Phantom Rapist.”
Defendant has been in prison or under civil commitment for 50 years since 1965, except for a few months in 1985 when he committed two more rapes in San Bernardino County soon after his release from a Colorado prison. In all four cases, he entered the victims’ homes and restrained them. One victim had employed him to clean her sofa.
Beginning in 1996, defendant has been held as a sexually violent predator (SVP) in a state hospital with additional stints in prison. He once attempted to escape and was charged with possession of a simulated weapon and destroying public property. During nearly 20 years of commitment as an SVP, defendant has refused to receive mental health treatment. Although Dr. Alumbaugh observed defendant’s behavior had improved beginning in 2006, she also described him as contentious, difficult, angry, resentful, fractious, litigious, troublesome, and vindictive. He was negative and adversarial with a female psychiatrist. He was also charged with stalking female staff and possessing contraband.
*1082 In January 2013, defendant filed a petition for unconditional release on the grounds that he no longer meets the criteria for an SVP and his condition has changed. (Welf. & Inst. Code, § 6608.) The trial court dismissed the petition as frivolous, citing the jury’s finding beyond a reasonable doubt that defendant had “a diagnosed mental disorder that made him a danger to the health and safety of others and that it was likely that he would engage in serious violent criminal behavior.”
The meaning of frivolous is not defined by statute. However, the cases agree that the meaning of frivolous is governed by an objective standard: a reasonable attorney would agree a petition is completely without merit. (Code Civ. Proc., § 128.5; People v. McKee (2010) 47 Cal.4th 1172, 1192 [104 Cal.Rptr.3d 427, 223 P.3d 566], citing In re Marriage of Flaherty (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179]; People v. Collins (2003) 110 Cal.App.4th 340, 349 [1 Cal.Rptr.3d 641] (Collins).)
In Collins, the appellate court reversed the trial court’s dismissal of a petition as frivolous when the defendant supported his petition with evidence of three types: he had health problems; he was participating in sex offender programs and treatment, including undergoing chemical castration; and a psychiatric report stated the defendant was not likely to reoffend. (Collins, supra, 110 Cal.App.4th at p. 345.)
Subsequently, this court affirmed the trial court’s dismissal of a petition as frivolous in People v. Reynolds (2010) 181 Cal.App.4th 1402, 1405 [105 Cal.Rptr.3d 560] (Fourth Dist., Div. Two). In Reynolds, the defendant’s counsel ultimately conceded there were no changed conditions supporting the petition. (Id. at pp. 1406-1409.) Justice Ramirez commented that “[defendant’s strongest contention was that four years had passed since his initial commitment” (id. at p. 1410) but “[t]he passage of time and the previous availability of a single favorable witness in 2007 do not establish even a prima facie basis for relief, such as would entitle him to a hearing” (id. at pp. 1410-1411).
In People v. Smith (2013) 216 Cal.App.4th 947, 953 [157 Cal.Rptr.3d 208] (Smith), the appellate court held that there was no substantial evidence that a defendant’s petition was frivolous, as conceded by the People, based on several factors: first, the defendant “had made ‘significant progress’ in his treatment and that, in some respects, matters outside his control prevented him from progressing to the required level for release; [next, factors that] undermine the validity of the diagnosis [of paraphilia ‘Not Otherwise Specified’ (NOS)] that led to his commitment; and, if believed, they indicate that this diagnosis, which indicates he is a danger to others, no longer applies. There is no substantial evidence to support a finding that appellant’s petition is totally and completely without merit or for the purpose of harassment.” (Fn. omitted.)
*1083 Notably, the defendants in Collins and Smith, unlike defendant LaBlanc, were actively engaged in medical and psychological treatment to reduce their risk of reoffending. Similarly, in the recent case of People v. Olsen (2014) 229 Cal.App.4th 981, 989-990 [177 Cal.Rptr.3d 791] (Olsen), defendant, a transgendered male who committed six rapes between 1972 and 1980, based her petition for release on a psychologist’s opinion that her participation in treatment had eliminated any risk of reoffending: “ ‘Her risk to the community is low at this time. She knows what she needs to do to maintain her sobriety and her relapse prevention plan is very realistic, as well as grounded to continue outpatient therapy and use those around [her] who are aware of her past behaviors to keep her in line by her sharing what her needs are appropriately. . . . [¶] . . . [I]t is my professional opinion, based on data, that [defendant] does not meet criteria as a sexually violent predator as described in [Welfare and Institutions Code] Section 6600 . . . .’ ” (Id. at p. 990.) In Olsen, the appellate court remanded the case for the trial court to apply the appropriate standard for a determination of frivolousness. (Ibid.)
I acknowledge, as stated by the majority, that no case has expressly held that an SVP cannot show changed conditions without participating in treatment. However, all the cases which have found a petition was not frivolous have involved SVPs who have participated in treatment. Furthermore, treatment is an essential aspect of the Sexually Violent Predator Act (SVPA; Welf. & Inst. Code, § 6600 et seq.), which “provides for the involuntary civil commitment, for treatment and confinement, of an individual who is found by a unanimous jury verdict ([Welf. & Inst. Code,] § 6603, subds. (e), (f)), and beyond a reasonable doubt ([Welf. & Inst. Code,] § 6604), to be a ‘sexually violent predator’ (ibid.).” (Olsen, supra, 229 Cal.App.4th at p. 991.) As expressly stated in the statute: “If the court or jury determines that the person is a sexually violent predator, the person shall be committed for an indeterminate term to the custody of the State Department of State Hospitals for appropriate treatment and confinement. . . .” (Welf. & Inst. Code, § 6604.)
The statutes also recognize the right to refuse treatment bears significantly on whether a person’s condition has changed: “Where the person’s failure to participate in or complete treatment is relied upon as proof that the person’s condition has not changed, and there is evidence to support that reliance, the jury shall be instructed substantially as follows: [¶] ‘The committed person’s failure to participate in or complete the State Department of State Hospitals Sex Offender Commitment Program (SOCP) are facts that, if proved, may be considered as evidence that the committed person’s condition has not changed. The weight to be given that evidence is a matter for the jury to determine.’ ” (Welf. & Inst. Code, § 6605, subd. (a)(3).)
*1084 Nevertheless, in People v. Sumahit (2005) 128 Cal.App.4th 347, 355 [27 Cal.Rptr.3d 233], the appellate court held there may be consequences for refusing treatment: “The SVPA’s primary goal is treatment. ‘The Act provides treatment for mental disorders from which [sex offenders] currently suffer and reduces the threat of harm otherwise posed to the public. No punitive purpose was intended.’ ([Hubbart v. Superior Court (1999) 19 Cal.4th 1138, 1144 [81 Cal.Rptr.2d 492, 969 P.2d 584]].) Despite the fact that defendant is amenable to and has been offered treatment, he refuses to attend, believing he is not a danger to the community . . . . [¶] Defendant has the right to refuse treatment.” But a defendant may not be able to do so and at the same time assert there has been a change in his condition.
Defendant LaBlanc was committed for treatment as an SVP. He has consistently refused treatment for 20 years or more. I agree with the trial court there has been no apparent change in his condition. He cannot simply wait for enough time to elapse. Without his participation in treatment, defendant’s age and worsening health do not constitute a change in his condition. Even if he is impotent or incapacitated as he claims, he could commit other lands of sexual violence. Given the severity of defendant’s multiple rapes, the failure to accept treatment while committed, and defendant’s negative feelings towards women, defendánt remains a danger to society. Under these circumstances, he cannot show his petition for release is not frivolous. Therefore, I respectfully dissent from the majority opinion reversing the trial court’s dismissal of defendant’s petition as frivolous.