Filed 5/2/22  P. v. McClinton CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>LAMAR McCLINTON,<br><br>　　Defendant and Appellant. | G060869<br><br>(Super. Ct. No. M-12456-2)<br><br>O P I N I O N |

　　　　　　　Appeal from an order of the Superior Court of Orange County, Elizabeth Macias, Judge.  Reversed and remanded with directions.  Appellant's request for judicial notice granted.  Appellant's motion for calendar preference granted.

　　　　　　　Rebecca P. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　　　　Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel, Joy Utomi and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

　　　　　　　　　　*　　　　　*　　　　　*

Defendant Lamar McClinton is civilly committed as a Sexually Violent Predator (SVP). (See Welf. & Inst. Code, § 6600 et seq.)[1] McClinton filed a petition for conditional release. In a declaration, a psychologist opined McClinton was not likely to engage in sexually violent criminal behavior if conditionally released. The trial court denied the petition, finding the psychologist's declaration did not contain enough information for the court to conclude the petition was "not frivolous."

McClinton contends the trial court erred by denying the petition without an evidentiary hearing. The Attorney General concedes the error. We agree.

Thus, we reverse the trial court's order denying McClinton's petition for conditional release. On remand, we direct the court to conduct an evidentiary hearing.

I

PROCEDURAL BACKGROUND

In 2017, a jury found McClinton to be an SVP. We affirmed that ruling on appeal. (*People v. McClinton* (Nov. 30, 2018, G055391) review den. and opn. ordered nonpub. Mar. 20, 2019, S252942.)[2]

In 2018, McClinton filed a petition for conditional release. The trial court initially found the petition was not frivolous, but later granted McClinton's request to withdraw the petition.

In 2021, McClinton filed the instant petition for conditional release. The trial court determined an attached expert declaration was lacking in information and denied the petition without an evidentiary hearing (the declaration and the court's ruling will be covered in detail in the discussion section of this opinion).

---

[1] Further undesignated statutory references are to the Welfare and Institutions Code.

[2] We grant McClinton's unopposed request for judicial notice of the record on appeal.

II

DISCUSSION

We review a trial court's denial of a SVP's petition for conditional release for an abuse of discretion. (*People v. Reynolds* (2010) 181 Cal.App.4th 1402, 1408.)

There are varying degrees of deference within the abuse of discretion standard of review. (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712.) A "trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." (*Ibid.*, fns. omitted.)

In the remainder of this discussion, we will: A) state general legal principles concerning SVP petitions for conditional release; B) review the relevant proceedings; and C) analyze the law as applied to the facts.

A. *General Legal Principles*

Generally, a person committed as an SVP may periodically petition the trial court for conditional release. "Upon receipt of a first or subsequent petition from a committed person without the concurrence of the director, the court shall endeavor whenever possible to review the petition and determine if it is based upon frivolous grounds and, if so, shall deny the petition without a hearing." (§ 6608, subd. (a).)

"If the court determines . . . that the petition is not frivolous, the court shall give notice of the hearing . . . ." (§ 6608, subd. (c)(1).) At the evidentiary hearing, the trial court "determine[s] whether the person committed would be a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior due to his or her diagnosed mental disorder if under supervision and treatment in the community." (§ 6608, subd. (g).)

3

"A frivolous petition is one that 'indisputably has no merit.'" (*People v. McKee* (2010) 47 Cal.4th 1172, 1192.) If the petition "has *some merit* on the issue of whether [an SVP] may qualify for conditional release, the statute requires that the court provide the defendant a hearing on the matter." (*People v. Collins* (2003) 110 Cal.App.4th 340, 350, italics added.) "The court's limited role is to 'review the facial adequacy of the petition to state a basis for relief, specifically, to determine whether the defendant has alleged facts "that will show he is not likely to engage in sexually violent criminal behavior due to his diagnosed mental disorder without supervision and treatment in the community."'" (*People v. Smith* (2022) 75 Cal.App.5th 332, 339.)

"To make this threshold determination, the trial court reviews the petition and any supporting attachments . . . ." (*People v. Olsen* (2014) 229 Cal.App.4th 981, 996.) "'Nothing in section 6608 requires that a defendant support his petition with admissible evidence in order to obtain a hearing.'" (*People v. Smith*, *supra*, 75 Cal.App.5th at p. 339.)

## B. Relevant Proceedings

On May 21, 2021, McClinton filed a section 6608 petition for conditional release. McClinton attached a sworn declaration from Dr. Michael Montrief:

"1. I have been a licensed psychologist . . . since 1992.

"2. *I am personally familiar with the facts set forth in this declaration*, and I could and would competently testify to them if called as a witness. I submit this declaration pursuant to Welfare and Institutions Code (WIC) Section 6608.

"3. On July 14, 2017, Mr. Lamar McClinton was found to be a sexually violent predator by a jury. Since that time, Mr. McClinton has been residing at Coalinga State Hospital.

"4.  Mr. McClinton is enrolled and is an active participant in the Sex Offender Treatment Program at Coalinga State Hospital.  He has taken a Plethysmograph Polygraph, and the ABEL Assessment in the program.  He has adequately addressed his Dynamic Risk Factors in a controlled setting.  He is currently in Module III of the treatment program at Coalinga State Hospital.  He has made significant progress in the last year.

"5.  Mr. McClinton has made the changes mandated for sex offender rehabilitation.  His treatment participation, health issues, and current age, no longer provides support for his continued confinement in a State Hospital and warrants release to a less restricted environment.

"6.  Since July 2017, Mr. McClinton has faithfully participated in his core SOTP [Sex Offender Treatment Program] group.  Only briefly fluctuating after the lockdown, which removed him from treatment for approximately 6 weeks.  Many men did not go back to treatment, but Mr. McClinton went back even in the midst of protesters.  Unlike others, he is committed and has not lost hope.  His progress in treatment is substantially documented in treatment notes and is to be commended.

"7.  In the last year, Mr. McClinton has not exhibited any maladaptive behaviors and shows no signs of Anti-Social Personality Disorder.  He addresses difficult situations well and is focused on prosocial attitudes.

"8.  Mr. McClinton is *not likely to engage in sexually violent criminal behavior if released conditionally into the community.  He can safely be managed if released into LIBERTY CONREP.*"  (Italics added.)

On June 11, and June 14, 2021, after receiving further briefing, the trial court conducted a "Show Cause" hearing regarding McClinton's petition for conditional release.  No witnesses testified at the hearing.

The trial court asked McClinton's counsel about Montrief's declaration: "But I'm not clear . . . regarding Mr. McClinton's enrollment and his progress and so forth, why it is that this particular doctor knows this. Is this the treating doctor, an evaluating doctor, the doctor has reviewed documents, has access to Mr. McClinton? What is it because it's not in his declaration."

Counsel said Dr. Montrief is McClinton's "unit psychologist," an "individual [who] has some knowledge by working with the patient and working with the SOTP providers of the patient's status at the hospital and has access to all the treatment records for the patient."

The court asked: "And the information that Dr. Montrief is providing . . . , is it based upon the information received from this team, from the SOTP providers, from the review of the file, from interviewing Mr. McClinton? Where is it that this doctor comes to this conclusion or how is it that this doctor comes to this conclusion?"

Counsel stated: "This doctor has access to all of those things that the court mentioned."

The court asked: "So what you are saying is that it's based on meetings with SOTP providers?"

Counsel responded: "Yes, and emails between the SOTP providers and the unit psychologist. [¶] Additionally, the unit psychologist works on the unit for which the patient resides and can at times see them multiple times during a week just by working on the unit and discussing issues."

The court asked: "When you say that, are you implying that Mr. Montrief may have observed Mr. McClinton?"

Counsel said: "Yes, he would observe him I wouldn't say on a daily basis because obviously I believe Dr. Montrief works a 40-hour week."

The court stated:  "I'll tell you what my problem with that statement is if that's the case, then Dr. Montrief should state that in his declaration so that I know that it's based on personal observation."

After further dialogue and hearing arguments from both parties, the trial court said Montrief's "declaration is lacking in substantive information.  [¶]  I don't know enough about how Dr. Montrief arrived at the conclusions that Dr. Montrief arrived to make a finding that this petition isn't frivolous."

The trial court concluded:  "So at this point the court finding that the declaration is lacking in information for the court to find that it is not a frivolous petition, the court is denying the 6608 petition.  It is without prejudice."

McClinton filed a notice of appeal and an opening brief.  The Attorney General's Office filed a respondent's brief in which it "agrees that the superior court abused its discretion when it denied the petition without a hearing."[3]

*C.  Analysis and Application*

In a threshold evaluation of a SVP petition for conditional release, the trial court's review is facial; a petitioner need not support the petition with admissible evidence.  (*People v. Collins* (2003) 110 Cal.App.4th 340, 350-351.)  In *Collins*, an SVP filed a petition for conditional release; the petition included a psychiatric report, and a declaration from petitioner's counsel, who represented that a psychiatrist would testify petitioner "was not likely to reoffend if released to proper supervision in the community."

---

[3] We commend the Attorney General's Office for its candor.  As a jurisdictional matter, we note the trial court's order was a decision on the merits (the court did not deny the petition on a procedural technicality).  Therefore, the court's ruling is an appealable order, regardless of the court's description of its own ruling as being "without prejudice." (See Pen. Code, § 1237, subd. (b); *In re Lauren P*. (1996) 44 Cal.App.4th 763, 768 [a court's "characterization of its own order . . . is not controlling].)

(*Id*. at p. 345.)  The trial court denied the petition without an evidentiary hearing.  (*Id*. at pp. 345-346.)  The appellate court reversed, finding the petition "was supported by substantial evidence and was not totally and completely without merit."  (*Id*. at p. 344.)

Here, Dr. Montrief opined McClinton was not likely to engage in sexually violent criminal behavior if conditionally released.  The trial court questioned the basis of Montrief's opinion.  (See *Sanchez v. Hillerich Bradsby Co*. (2002) 104 Cal.App.4th 703, 718 [an expert's declaration should state "the matters relied upon in expressing the opinion"].)  McClinton's counsel represented to the court that Dr. Montrief was McClinton's "unit psychologist" and explained what that position entailed.  Counsel further represented that the declaration was based on Montrief's access to McClinton's treatment records, as well as Montrief's personal observations of McClinton.

"It is axiomatic that the unsworn statements of counsel are not evidence." (*In re Zeth S*. (2003) 31 Cal.4th 396, 413-414, fn. 11.)  However, "attorneys are officers of the court, and '"when they address the judge solemnly upon a matter before the court, their declarations are virtually made under oath."'"  (*Holloway v. Arkansas* (1978) 435 U.S. 475, 485-486; see *People v. Laudermilk* (1967) 67 Cal.2d 272, 285-286 [describing "statements of a responsible officer of the court as tantamount to sworn testimony"].)

Given Dr. Montrief's declaration and counsel's representations to the court, which supplemented the declaration, we find McClinton's petition was supported by enough information to determine it was "not frivolous."  (See § 6608, subd. (c)(1).)  That is, the petition "was supported by substantial evidence and was not totally and completely without merit."  (See *People v. Collins*, *supra*, 110 Cal.App.4th at p. 344.)

Thus, we find the trial court erred by denying McClinton's petition for conditional release without an evidentiary hearing.

8

### III

### DISPOSITION

The trial court's order denying McClinton's section 6608 petition for conditional release is reversed. On remand, the trial court is directed to conduct an evidentiary hearing as provided for in the statute.[4]


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


GOETHALS, J.

---

[4] We grant McClinton's unopposed motion for calendar preference. This court has issued its opinion as promptly as possible.