Filed 2/17/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>FRAISURE EARL SMITH,<br><br>        Defendant and Appellant. | A159649<br><br>(Solano County<br>Super. Ct. No. FCR 208822) |

Fraisure Earl Smith appeals from the trial court's denial of his petition for conditional release from indefinite commitment as a sexually violent predator. (See Welf. & Inst. Code, § 6608.[1]) His petition alleged that he has not been diagnosed with a valid mental disorder and that he no longer poses a danger of engaging in sexually violent criminal behavior. We conclude the court erred in holding that his conditional release petition was frivolous, and we reverse and remand for a hearing on the petition.

Smith also challenges the trial court's denial of his petition for unconditional discharge under section 6605, asserting that the court erred in holding that he was required to obtain state authorization before filing the petition. We disagree with Smith on this point and affirm the court's order.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

## BACKGROUND

### A.

The Sexually Violent Predators Act (the Act; § 6600 et seq.) authorizes the involuntary, indefinite civil commitment of persons who have been convicted of certain sex offenses upon their release from prison. (*People v. Smith* (2020) 49 Cal.App.5th 445, 451 (*Smith III*).) To justify such commitment, the People must prove that the person " ' (1) has been convicted of a sexually violent offense against at least one victim and (2) "has a diagnosed mental disorder that makes [him or her] a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." ' " (*Ibid.*; §§ 6600, subd. (a)(1), 6604.)

The Act "was 'designed to ensure that the committed person does not "remain confined any longer than he suffers from a mental abnormality rendering him unable to control his dangerousness." ' " (*People v. McKee* (2010) 47 Cal.4th 1172, 1186 (*McKee*).) To that end, section 6604.9 requires that every committed person "shall have a current examination of his or her mental condition made at least once every year" and that the State Department of State Hospitals (department) file with the court a report by a professionally qualified person reflecting the results of that examination. (§ 6604.9, subds. (a), (c).) The "report shall include consideration of whether the committed person currently meets the definition of a sexually violent predator" and whether unconditional release or release with conditions "would adequately protect the community." (§ 6604.9, subd. (b).)

The Act provides two pathways for obtaining release. First, the committed person may petition for conditional release under section 6608, either with or without the concurrence of the Director of State Hospitals (director). (§§ 6608, subd. (a), 6604.9, subd. (d).) After one year of conditional release, the person may petition for unconditional discharge—again, with or without the

director's concurrence. (§ 6608, subd. (m).) Second, if the department determines that the person no longer meets the criteria for a sexually violent predator, the person may petition the court for an unconditional discharge. (§ 6604.9, subd. (d).)

## B.

Smith served a prison term after pleading no contest to assault with intent to commit rape and admitting prior conviction and prison term allegations (Pen. Code, §§ 220, 667.5, subd. (b), 1170.12); *People v. Smith* (2013) 216 Cal.App.4th 947, 949-950 (*Smith I*).) Before his parole date, he was declared a sexually violent predator and committed to Coalinga State Hospital in 2010. (*Smith I*, *supra*, 216 Cal.App.4th at pp. 949-950.)

In 2012, Smith petitioned for conditional release under section 6608. The trial court denied the petition, and a division of this court reversed. (*Smith I*, *supra*, 216 Cal.App.4th at pp. 949, 954.) On remand, Smith was released conditionally. (*People v. Smith* (Dec. 17, 2019, A153254) [nonpub. opn.] 2019 Cal.App.Unpub.LEXIS 8381, [*1] (*Smith II*).)[2] However, he was recommitted in 2017 after the People successfully petitioned to revoke his conditional release based on violations of the program rules. (*Id.* at pp. [*6], [*13-*14]; *Smith III*, *supra*, 49 Cal.App.5th at p. 450.)

## C.

The instant release petition alleges that Smith's diagnosis of "Other[] Specified" Paraphilia is invalid and he has no mental condition that justifies his commitment. In addition, Smith alleges that he is no longer dangerous and may be safely released because he has serious medical problems, has undergone sex

---

[2] We grant the People's unopposed request for judicial notice of this division's 2019 opinion. (Evid. Code §§ 452, subd. (d), 459.)

offender treatment, and did not re-offend during the 18 months he spent in the community on conditional release.

While the petition was pending, the department filed a new annual report with the trial court. In the report, a forensic psychologist concluded that neither conditional release nor unconditional discharge were appropriate because Smith continued to have a qualifying mental disorder ("Other Specified Paraphilic Disorder involving nonconsenting females"), it was likely that Smith would continue to engage in sexually violent criminal behavior if released, and the safety of the community therefore could not be assured.

The court denied Smith's request for unconditional discharge under section 6605, concluding that he is not entitled to petition for unconditional discharge without the authorization of the department. The court denied Smith's request for conditional release under section 6608, concluding the petition is frivolous because Smith's condition had not changed sufficiently to warrant a hearing, his diagnosis is not invalid, and (based on the latest annual report) there is no basis to hold a hearing.

## DISCUSSION

### A.

*Petition for Conditional Release Under Section 6608*

Smith contends the trial court erred in denying his petition for conditional release as frivolous. We agree.

### 1.

In reviewing the trial court's dismissal of Smith's petition as frivolous, we consider whether the court abused its discretion. (See *People v. LaBlanc* (2015) 238 Cal.App.4th 1059, 1071 (*LaBlanc*) [" '[t]he trial court has abused its discretion if appellate review shows that the petition is not based upon frivolous grounds' "].)

4

The frivolousness inquiry presents a low hurdle for a petitioner. A petition is frivolous only if it " 'indisputably has no merit.' " (*McKee*, *supra*, 47 Cal.4th at p. 1192.) Put another way, a petition is frivolous where "any reasonable attorney would agree that the petition is completely and totally without merit." (*People v. Olsen* (2014) 229 Cal.App.4th 981, 998 (*Olsen*).) The court's limited role is to "review the facial adequacy of the petition to state a basis for relief, specifically, to determine whether the defendant has alleged facts 'that will show he is not likely to engage in sexually violent criminal behavior due to his diagnosed mental disorder without supervision and treatment in the community.' " (*Smith I*, *supra*, 216 Cal.App.4th at p. 951, quoting *People v. Reynolds* (2010) 181 Cal.App.4th 1402, 1407.) "Nothing in section 6608 requires that a defendant support his petition with admissible evidence in order to obtain a hearing." (*Smith I* at p. 953, fn. 4.)

**2.**

Smith correctly asserts that the trial court applied an erroneous legal standard in determining that his petition was frivolous.

A court may summarily deny a petition for conditional release if it determines the allegations are utterly without merit or, in some cases, if the petitioner has filed repetitive petitions. In the latter case, after the court has denied a petition, the court must deny a subsequent petition "unless it contains facts upon which a court could find that the condition of the committed person had so changed that a hearing was warranted." (§ 6608, subd. (a).) The obvious purpose of the rule is to ensure that courts do not waste time adjudicating a petition that merely repeats allegations that have been found meritless. The trial court invoked this rule here, explaining that Smith's condition "is not so changed as to warrant from the evidence and the pleadings that I have before me to justify any kind of a hearing."

5

This was error. The repetitive-petition rule only applies if the current petition repeats allegations from a prior petition *that was denied as meritless*, either because it was deemed frivolous or because it was denied on the merits following a hearing. (§ 6608, subd. (a).) Here, Smith's only prior petition, in 2012, resulted in his release. Although the trial court initially denied the petition as frivolous, this division reversed on appeal, and, on remand, the People did not oppose conditional release. (*Smith I*, *supra*, 216 Cal.App.4th at pp. 949, 953-954; *Smith II* (Dec. 17, 2019, A153254) [nonpub. opn.] 2019 Cal.App.Unpub.LEXIS 8381 at [*1].) Accordingly, Smith was not required to show a material change in circumstances to warrant a hearing.

Moreover, Smith has raised at least one colorable argument that, if true, would be grounds for release. He alleges that he does not have a legitimately diagnosed mental disorder because the American Psychiatric Association has rejected rape as a mental disorder and his diagnosis is based solely on his commission of two sex offenses. In support of this argument, his petition includes an article by Allen Frances, M.D., stating that, "[d]iagnosing rape as [a] mental disorder is an improper use of psychiatric diagnosis and promotes the abuse of psychiatric commitment to further what would otherwise be an unconstitutional form of preventive detention." (Frances, *DSM-5 Confirms That Rape Is Crime, Not Mental Disorder,* Psychiatric Times, February 21, 2013, p. 1) The same article explains that "[t]he proposal to create a mental disorder diagnosis for rapists has been raised and unequivocally rejected 5 times in the past 35 years—in 1976 for [the Diagnostic and Statistical Manual of Mental Disorders or] DSM-III; in 1986 for DSM-IIIR; in the early 1990's for DMS-IV; in 1998 for an [American Psychiatric Association] Task Force Report; and now for DSM-5." (*Ibid.*) Smith also attached a second article by Dr. Frances stating that "rape is a crime, not a mental disorder" and that "DSM 5 rejected 'coercive paraphilia' as a diagnosis." (Frances, *Should Having*

*Antisocial Personality Disorder Qualify A Rapist For SVP Commitment?*, Psychiatric Times, July 15, 2011, p. 1)

Smith's challenge to the validity of his diagnosis is a nonfrivolous argument that should be resolved after a hearing. (See *LaBlanc, supra,* 238 Cal.App.4th at pp. 1072-1075 [acknowledging a "scholarly debate" about the diagnosis of rapists and concluding it presented a nonfrivolous issue that warranted a hearing].) Smith raised this argument (among others) in his appeal from the denial of his 2012 petition, and we concluded that the petition was not frivolous. (*Smith I, supra,* 216 Cal.App.4th at pp. 952-953.) As explained, the trial court did not thereafter resolve this argument on the merits because the People agreed to a conditional release. That makes this case different than *People v. Johnson* (2015) 235 Cal.App.4th 80, 90-91 (*Johnson*), where the petitioner had fully litigated the issue in a prior proceeding. (See *LaBlanc, supra,* 238 Cal.App.4th at pp. 1074-1075.)

The People contend that Smith already litigated the validity of his diagnosis in the 2017 hearing to revoke his conditional release. He did raise the issue in that proceeding, but nothing in our record indicates that the trial court made a finding on that issue. (*Smith II, supra,* 2019 Cal.App.Unpub.LEXIS 8381 at p. [*10].) Instead, the court revoked his release based on a finding that Smith was dangerous, which, as we explained in the subsequent appeal, was sufficient grounds for revocation. (*Id.* at pp. [*26-*29]; see *id.* at p. [*29] [Pen. Code, § 1608 revocation procedure does not require a finding of mental illness]; Pen. Code, § 1609 [permitting revocation when person is shown to be dangerous].) We therefore reject the People's contention.

The People do not otherwise attempt to demonstrate that Smith's challenge to his diagnosis is frivolous; instead, they focus on evidence that he remains dangerous.[3]

Because we conclude that Smith's petition is not frivolous based on his challenge to the validity of his diagnosis alone, we need not address his contention that he is no longer dangerous in light of his current medical condition. (See *People v. Superior Court (Ghilotti)* (2002) 27 Cal.4th 888, 921, fn. 12 ["A sex offender who *lacks a qualifying mental disorder* cannot be committed *no matter how high his or her risk of reoffense.*"].) On remand, Smith is entitled to a hearing on his petition, the assistance of counsel, and the appointment of an expert who can, among other things, address the validity of his diagnosis and his likelihood of reoffending in light of his medical condition, failing health, and other current circumstances. (See *LaBlanc*, *supra*, 238 Cal.App.4th at p. 1077; see also § 6608, subds. (a), (c)(1), (g).)

We express no opinion regarding the merits of Smith's petition or other related arguments.[4]

---

[3] Smith alleges that, without explanation, the department changed the name of his diagnosis from "Paraphilia, N[ot] O[therwise] S[pecified], nonconsent" to "Other[] Specified Paraphilic Disorder, nonconsent." The People do not argue that the change makes a difference here, and we have no basis for assuming it does. The department's most recent annual report states that Smith's diagnosis has not changed since his commitment. Smith alleges the change is bogus, and he attached an article from Dr. Frances stating that California abruptly stopped using the diagnosis Paraphilia, Not Otherwise Specified, which Dr. Frances suggests was an implicit admission of its invalidity. (Frances, *Should Having Antisocial Personality Disorder Qualify A Rapist For SVP Commitment?*, Psychiatric Times, July 15, 2011, p. 1.) Obviously, these issues can be resolved at a hearing on the merits.

[4] Among other arguments, Smith contends the court should have granted his request for an expert examination following the department's annual review. (See § 6604.9, subd. (a); *McKee*,

**B.**

*Petition for Unconditional Discharge Under Section 6605*

Smith asserts that the trial court erred in denying his petition for unconditional discharge under section 6605. To avoid serious due process concerns, he argues, the statute must be construed to allow a petitioner to seek unconditional discharge without the authorization of the director. We disagree.

**1.**

Before we discuss the constitutional avoidance argument, we reject Smith's oblique suggestion that the plain language of section 6605 does not require the director's authorization.

In *McKee*, our Supreme Court summarized the process for obtaining the department's authorization for a release petition and the procedures governing unconditional discharge petitions, which were contained in section 6605 at the time. (See *McKee*, *supra,* 47 Cal.4th at p. 1187; former § 6605, as amended by Prop. 83, § 29, approved by voters Nov. 7, 2006.) The court explained that, under former section 6605, subdivision (a), if the department concluded that conditional or unconditional release was appropriate, " 'the director shall authorize the person to petition the court for conditional release to a less restrictive alternative or for an unconditional discharge.' " (*McKee*, *supra,* at p. 1187.) Then, as now, when an unconditional discharge petition is filed, "[t]he burden of proof at the hearing shall be on the state to prove beyond a reasonable doubt that the committed person's diagnosed mental disorder remains such that he or she is a danger to the health and safety of others and is likely to engage

---

*supra*, 47 Cal.4th at p. 1193 [construing identical language in a prior version of the Act to require an expert exam in connection with the annual report].)

in sexually violent criminal behavior if discharged." (§ 6605, subd. (a)(3); see former § 6605, subd. (d).)

The court also explained that "[i]n the event the [department] does *not* authorize the committed person to file a petition for release pursuant to section 6605, the person nevertheless may file . . . a petition for conditional release for one year and subsequent unconditional discharge pursuant to section 6608." (*McKee, supra* 47 Cal.4th at p. 1187.) Under section 6608, subdivision (m), "[a]fter a minimum of one year on conditional release, the committed person, with or without the recommendation or concurrence of the Director of State Hospitals, may petition the court for unconditional discharge." For conditional release petitions under section 6608, the burden of proof is on the petitioner unless the department's annual report has determined that conditional release is appropriate. (§ 6608, subd. (k).)

The Legislature subsequently moved the provisions regarding annual reports and department authorization for unconditional discharge petitions into section 6604.9 (see Sen. Bill No. 295 (2013-2014 Reg. Sess.), Stats. 2013, ch. 182, § 1; Sen. Bill No. 1304 (2013-2014 Reg. Sess.), Stats. 2014, ch. 71, § 189); the balance of the provisions setting forth the procedures for unconditional discharge petitions remains in section 6605. However, the substance of the provisions has not changed. (See *Moran v. Murtaugh Miller Meyer & Nelson, LLP* (2007) 40 Cal.4th 780, 785 [when " ' legislation has been judicially construed and a subsequent statute on the same or an analogous subject uses identical or substantially similar language, we may presume that the Legislature intended the same construction, unless a contrary intent clearly appears ' "].) As the Legislative Counsel's Digest of Senate Bill No. 295 explained, the amendments "clarify which provisions are to be used when a committed person petitions for conditional release and which

provisions are to be used when a committed person petitions for unconditional discharge and . . . make nonsubstantive, organizational changes to the provisions." (Legis. Counsel's Dig., Sen. Bill No. 295 (2013-2014 Reg. Sess.), Stats. 2013, ch. 182, Summary Dig.)

Smith contends that, because section 6605 now says nothing about an authorization requirement, the statute is best read to allow committed persons to file unconditional discharge petitions without prior authorization. He is incorrect.

First, although the Legislature moved the authorization requirement to section 6604.9, it intended the two sections to work together. Thus, section 6605 supplies the procedures for unconditional discharge petitions authorized by the director under section 6604.9. (See § 6604.9, subd. (d) [once authorized, "[t]he petition shall be filed with the court and served upon the prosecuting agency responsible for the initial commitment"]; § 6604.9, subd. (f) ["The court, upon receiving a petition for unconditional discharge, shall order a show cause hearing, pursuant to the provisions of Section 6605"].)

Second, while section 6608 provides that petitions for unconditional discharge may be filed after one year "with or without the recommendation or concurrence of the Director of State Hospitals" (§ 6608, subd. (m)), similar language is absent from sections 6605 and 6604.9. (See *Smith III*, *supra*, 49 Cal.App.5th at p. 453 [section 6608, subdivision (m), reflects that "[t]he Legislature determined that, before [committed persons] are unconditionally discharged on their own petitions, they must spend at least a year on conditional release"].)

We are unpersuaded that, simply by moving the annual review and authorization provisions from former section 6605 to section 6604.9, the Legislature intended, not merely to clarify the process, but to permit committed persons to file unconditional

11

discharge petitions pursuant to section 6605 without prior authorization.

<strong>2.</strong>

Smith argues that section 6605 must be construed to allow him to file a petition for unconditional discharge because, if he has no means by which to obtain outright release when his commitment is no longer legally authorized, his due process rights would be violated. (See *McKee*, *supra*, 47 Cal.4th at p. 1193 [a committed person "may be held . . . ' as long as he is both mentally ill and dangerous, but no longer.' "]). We disagree.

We take Smith's point that it would be troubling if the department, by refusing to authorize an unconditional discharge petition, could unilaterally cut off a committed person's access to the courts to challenge his indefinite confinement and obtain outright release when that confinement is no longer legally justified. Were that the case, then the department would be both jailer and judge – raising serious constitutional concerns. (Cf. *Boumediene v. Bush* (2008) 553 U.S. 723, 765-766 ["The test for determining the scope of" habeas corpus "must not be subject to manipulation by those whose power it is designed to restrain."].) Also, if a person does not have a qualifying mental disorder or no longer meets the criteria for a sexually violent predator, the remedy of *conditional* release under section 6608 would be inadequate. (See *Johnson*, *supra*, 235 Cal.App.4th at pp. 88-89.)

However, habeas corpus review exists as a backstop where other available remedies fall short. (*Johnson*, *supra*, 235 Cal.App.4th at pp. 88-89.) As Smith acknowledges, section 7250 provides that "[a]ny person who has been committed is entitled to a writ of habeas corpus, upon a proper application made by the State Department of State Hospitals or the State Department of Developmental Services, by that person, or by a relative or friend in his or her behalf." Thus, any "person involuntarily committed under the [Sexually Violent Predator Act] may challenge the

12

confinement through a petition for writ of habeas corpus." (*Johnson*, *supra*, at p. 88.) Habeas review under section 7250 is available for committed persons, not only to challenge the basis for their original commitment, but also to test whether they are "no longer a sexually violent predator." (See § 6605, subd. (c) ["If the State Department of State Hospitals has reason to believe that a person committed to it as a sexually violent predator is no longer a sexually violent predator, it shall seek judicial review of the person's commitment pursuant to the procedures set forth in Section 7250"].) Accordingly, Smith is free to challenge his confinement and seek unconditional discharge by means of a habeas petition under section 7250.

At oral argument, Smith contended for the first time that habeas would be inadequate if a committed person is not granted access to an expert and must bear the burden of proof. We express no view on what procedural protections must be provided when a committed person files a habeas petition seeking unconditional release. (Cf. *McKee*, *supra*, 47 Cal.4th at p. 1192 ["If the state involuntarily commits someone on the basis of expert opinion about future dangerousness, places the burden on that person to disprove future dangerousness, and then makes it difficult for him to access his own expert because of his indigence to challenge his continuing commitment, that schema would indeed raise a serious due process concern."].)

## DISPOSITION

The order denying Smith's petition for conditional release pursuant to section 6608 is reversed. On remand, the trial court shall set Smith's conditional release petition for a hearing and appoint him counsel and an expert, should he request them, to assist him in advance of the hearing. (§ 6608, subds. (a), (c)(1), (g).) Given the intervening time since Smith first filed his release petition, the court shall also provide him an opportunity to

amend the petition. In all other respects, the order appealed from is affirmed.

_____

BURNS, J.

We concur:

_____

JACKSON, P.J.

_____

NEEDHAM, J.

A159649

Solano County Superior Court Case No. FCR 208822. The Honorable W. Arvid Johnson, Trial Court Judge.

Jean Matulis, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General of California, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Eric D. Share, Supervising Deputy Attorney General, and Karen Z. Bovarnick, Deputy Attorney General, for Plaintiff and Respondent.