Filed 7/15/24  P. v. Gary CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B328885 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. ZM033162) |
| v. | |
| REGINALD A. GARY, | |
| Defendant and Appellant. | |

_____

APPEAL from an order of the Superior Court of Los Angeles County, James R. Dabney, Judge.  Affirmed.

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

_____

Reginald A. Gary appeals the trial court's order declaring him a sexually violent predator (SVP) pursuant to the Sexually Violent Predator Act (SVPA), Welfare and Institutions Code[1] section 6600 et seq., and committing him to the custody of the Department of State Hospitals for an indeterminate term. Gary's appointed counsel filed a brief indicating that he was unable to identify any appealable issues and requesting our independent review under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), *Anders v. California* (1967) 386 U.S. 738 (*Anders*), and *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*).

In the opening brief, appointed counsel acknowledged that *Wende/Anders* procedures do not apply to appellate review of SVP commitment orders under established law, but stated that Gary disagreed with this precedent. Counsel requested that we exercise our discretion to conduct an independent review of the record. Counsel attached a declaration to the opening brief confirming that he sent Gary a copy of the opening brief and advised Gary of his right to file a supplemental brief. Counsel also informed Gary that "if he did not file a supplemental brief, the Court of Appeal would almost certainly dismiss his appeal as abandoned."

Based upon the opening brief's joint identification of Gary's appeal as filed pursuant to *Wende/Anders* and *Ben C.*, this court initially issued an order citing *Wende/Anders* and granting Gary 30 days in which to file a supplemental brief on his own behalf. Subsequently, we granted Gary's motion extending by 30 days

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

the deadline to file a supplemental brief, and notified Gary that *Wende/Anders* procedures do not apply to his appeal, such that his failure to file a supplemental brief could result in dismissal of the appeal as abandoned. (See *Ben C.*, *supra*, 40 Cal.4th at p. 535 [*Wende/Anders* review not required in conservatorship proceedings under the Lanterman-Petris-Short Act]; *People v. Kisling* (2015) 239 Cal.App.4th 288, 290 (*Kisling*) [*Wende* review not required in appeal from denial of petition for release from SVP commitment].)

Gary filed a supplemental brief.[2] We have read and fully considered Gary's supplemental brief and conclude it raises no arguable issues. We affirm the trial court's order.

## PROCEDURAL HISTORY

On September 26, 2016, the district attorney of Los Angeles County filed a petition seeking to commit Gary as an SVP pursuant to section 6600. On May 26, 2022, Gary filed a waiver of his right to a jury trial.

Gary's court trial began on March 20, 2023. At trial, the People presented evidence of three predicate sexually violent offenses: (1) a 1974 juvenile adjudication that Gary committed the offense of kidnapping (Pen. Code, § 207)[3]; (2) a 1986

---

[2] On May 28, 2024, this court received a petition for writ of habeas corpus form from Gary, which we construed as a supplemental brief and accepted for filing.

[3] Although Gary refers to the conviction as the 1973 conviction in his supplemental brief, it appears from the record

conviction for committing a lewd act on a child under 14 years of age (Pen. Code, § 288)[4] for a crime that Gary committed in 1980; and (3) a 1998 conviction of one count of committing a lewd act on a child under age 14 years of age (Pen. Code, § 288, subd. (a)) and one count of oral copulation of a person under 14 years of age (Pen. Code, § 288a, subd. (c)).

Dr. Kathleen Longwell and Dr. Tricia Busby, who each conducted multiple psychological evaluations of Gary, testified for the People. Dr. Longwell and Dr. Busby testified regarding the facts and circumstances of the predicate offenses, diagnosed Gary as having pedophilic disorder and antisocial personality disorder, and opined that Gary was likely to commit another sexually violent and predatory offense if released from custody.

Dr. Christopher Fisher testified on Gary's behalf. He opined that Gary's diagnosis of pedophilic disorder was not currently supported. Although he noted that the diagnosis might have been appropriate at earlier times in Gary's life, pedophilic disorder can change over time, even without treatment. He further opined that the diagnosis alone was not sufficient to meet SVP criteria if a person is not volitionally impaired, and that there was no current or recent evidence that Gary could not control his sexual behavior. Although Dr. Fisher believed that Gary could have been diagnosed with antisocial personality

---

that the offense was committed in 1973, but Gary was adjudged a ward of the court for the offense in 1974.

[4] In his supplemental brief, Gary refers to the 1986 conviction as the 1980 conviction and the 1986/1987 conviction.

disorder when he was 20 or 30 years old, he believed those traits were currently in remission.

Multiple employees of Coalinga State Hospital also testified on Gary's behalf. A former patient at Coalinga State Hospital testified that he was friends with Gary and would provide Gary with support if Gary was released. A woman who had been in contact with Gary for 10 years on a daily basis testified that she would relocate to live with Gary if he was released. It was stipulated that another person would provide Gary with $100 in monthly support. A licensed clinical psychologist assigned to Gary's unit testified that he observed Gary over five years, and met with him approximately every 90 days. He was not aware of any reports of Gary acting out sexually. However, at each periodic meeting, Gary was recommended to have, and offered, sexual offender treatment, but has refused the recommendation. Gary has indicated that it is because he is not guilty of his most recent conviction.

On April 3, 2023, the court issued its ruling finding that Gary qualified as an SVP and committed him to the Department of State Hospitals for an indefinite term.[5]

Gary timely appealed.

---

[5] The trial court did not address Gary's 1973 conviction in its ruling. It relied on the 1986 and 1998 convictions to satisfy the sexually violent offenses criterion of section 6600, subdivision (a).

## DISCUSSION

### *SVP Commitment Proceedings*

Pursuant to section 6600, subdivision (a)(1), a " 'Sexually violent predator' " is defined as: "a person who has been convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." "[A]n inmate qualifies as an SVP if (1) the inmate 'has been convicted of a sexually violent offense against one or more victims,' (2) the inmate 'has a diagnosed mental disorder that makes [him or her] a danger to the health and safety of others,' and (3) the mental disorder makes it 'likely' that the inmate 'will engage in future predatory acts of sexually violent criminal behavior if released from custody.' " (*People v. Peyton* (2022) 81 Cal.App.5th 784, 796.)

### *Analysis*

We have read and fully considered Gary's supplemental brief and conclude that it raises no arguable issues. We address Gary's contentions by the number provided in his supplemental brief, where applicable. In reaching our disposition, we have applied the procedures and safeguards set forth in *Ben C.*, *Kisling*, and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).

6

In *Ben C., supra*, 40 Cal.4th at page 535, our Supreme Court held that *Wende/Anders* review is not required in conservatorship proceedings under the Lanterman-Petris-Short Act. *Ben C.* set forth the procedures that counsel and this court should follow in conservatorship proceedings: "If appointed counsel . . . finds no arguable issues, counsel . . . should (1) inform the court he or she has found no arguable issues to be pursued on appeal; and (2) file a brief setting out the applicable facts and the law." (*Ben C.*, at p. 544.) "The conservatee is to be provided a copy of the brief and informed of the right to file a supplemental brief." (*Id.* at p. 544, fn. 6.) The appellate court may then dismiss the appeal if there are no arguable issues. (*Id.* at p. 544.) *Kisling, supra*, 239 Cal.App.4th at pages 290 through 292, held that *Ben C.* procedures apply in the context of SVP commitment proceedings. *Kisling* explained that SVP commitment proceedings are not implicated by *Wende*, which applies to criminal matters in the first appeal of right. (*Ibid.*) Although the defendant in *Kisling* appealed from the denial of petition for release from SVP commitment, the principles apply equally to an appeal from an initial commitment order such as in the instant case.

In an abundance of caution, we also adopt the procedures that our Supreme Court recently articulated in *Delgadillo*. There, the court held that *Wende/Anders* procedures do not apply to appeals from orders denying resentencing pursuant to Penal Code section 1172.6. (*Delgadillo, supra*, 14 Cal.5th at p. 222.) Rather, the court provided the following guidance: "When appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing

7

on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Id.* at pp. 231–232.) "If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Id.* at p. 232.) Although the defendant in *Delgadillo* appealed the denial of a petition for resentencing, which is a criminal proceeding, the liberty interests in civil SVP commitment proceedings are significant, and arguably merit equal consideration. We therefore specifically consider and address the issues raised in Gary's supplemental brief. (*Ibid.*) We decline appointed counsel's request to conduct an independent review of the entire record. (*Ibid.*)

## Unnumbered Contention

Gary contends that the trial court lost jurisdiction over his section 6600 petition in 2018 because his psychiatric evaluations had expired and the state lacked authority to re-evaluate him. Gary claims that his counsel was ineffective for failing to move to dismiss the SVP petition on this basis.[6] We reject the contention.

---

[6] "Though civil in nature, [an SVP commitment] trial contains a number of procedural safeguards commonly associated with criminal trials, including the alleged SVP's right to . . .

8

The trial court's jurisdiction over an SVPA petition is invoked by the filing of the petition itself and not by the assessment evaluations. Noncompliance with the procedural prerequisites of the SVPA—if in fact there was noncompliance, which we need not decide—does not deprive the trial court of jurisdiction. (*People v. Ward* (2002) 97 Cal.App.4th 631, 634 [failure to have two written psychological examinations].) Absent a basis for dismissing the petition, defense counsel did not provide ineffective assistance by failing to move for dismissal. (*Strickland v. Washington* (1984) 466 U.S. 668, 693 [to establish ineffective assistance of counsel defendant must demonstrate prejudice in addition to counsel's deficient performance].)

### **Contention One**

Gary contends that counsel was ineffective for failing to investigate, failing to present mitigating facts, and failing to object to the People's use of a 1974 conviction for what he claims was a non-sexual offense and an attempted rape charge that was dismissed.

Gary misapprehends the nature of his conviction. Although kidnapping (Pen. Code, § 207) is not a sexually violent offense under all circumstances, it qualifies as a sexually violent offense under section 6600, subdivision (b) when "committed with the intent to commit a violation of [s]ection 261, 262, 264.1, 286, 287, 288, or 289 of, or former [s]ection 288a of, the Penal Code." Section 261 defines the offense of rape. A crime's classification as

---

assistance of counsel . . . . (§ 6604.)" (*Reilly v. Superior Court* (2013) 57 Cal.4th 641, 648.)

a sexually violent offense under section 6600 is not altered by the fact that the conviction was a juvenile adjudication if: (1) the juvenile was 16 years of age or older at the time of the offense, (2) the juvenile was adjudged a ward of the juvenile court because the juvenile adjudication arose through the juvenile's commission of the offense, and (3) the juvenile was committed to the Division of Juvenile Facilities, Department of Corrections and Rehabilitation for the offense. (§ 6600, subd. (g).)

Evidence of predicate sexually violent offenses is governed by section 6600, subdivision (a)(3), which "permits the [People] to show the existence of and details underlying the first element of the SVP determination—a predicate sex-offense conviction—'by documentary evidence, including, but not limited to, preliminary hearing transcripts, trial transcripts, probation and sentencing reports, and evaluations by the [DSH].' " (*Walker v. Superior Court* (2021) 12 Cal.5th 177, 198 (*Walker*).)

In this case, the People presented evidence of all of the elements required for kidnapping to constitute a sexually violent offense. The People offered evidence that the kidnapping was for the purposes of rape through the testimony of Dr. Longwell. Dr. Longwell testified that Gary told her he was in a car with a group of four other males at a party and that they had grabbed a female and were ripping off her clothes when the police arrived and arrested all of them.[7] A certified CLETS report offered by the People listed Gary's date of birth as November 11, 1956; thus Gary was 17 years old at the time of the offense. Finally, evidence was adduced that Gary was adjudged a ward of the court for the kidnapping, as demonstrated by the certified CLETS

---

[7] Gary denied being a participant.

10

report and a letter from the Division of Juvenile Justice containing certified records of Gary's commitment to the Department of Youth Authority for a period of three years.[8]

Under the circumstances, we cannot conclude that counsel's inaction prejudiced Gary. There is no indication that the People's evidence was inadmissible. (See *Walker*, *supra*, 12 Cal.5th at p. 198 [predicate sexually violent offenses may be proven through preliminary hearing transcripts, trial transcripts, probation and sentencing reports, and psychological evaluations "with multiple-level-hearsay statements contained therein (like police and probation reports, and victim and witness statements they include)"].) Moreover, Gary's conviction for kidnapping became final long ago, and a collateral attack on the conviction was beyond the scope of the proceeding. It is not reasonably probable that Gary would have obtained a more favorable result if counsel had further investigated and defended against the kidnapping, or objected to admission of evidence of the offense.

**Contention Two**

Gary contends that counsel was ineffective for failing to object to admission of a 1973 police report, and argues that if his juvenile court records had been admitted the prosecutor would have seen that the victim said he never attempted to rape her and that the charges were dismissed. This contention lacks merit for multiple reasons. The simplest is that no 1973 police report

---

[8] The letter explains that the order of commitment was unavailable as such records are only retained for seven years after commitment ends, and Gary's commitment ended in 1977.

11

was admitted into evidence, although the existing records from the juvenile court were. Counsel was not ineffective for objecting to the admission of a document that was not admitted.

### Contention Three

Gary contends that counsel provided ineffective assistance by failing to challenge his 1986 conviction on the bases that it was barred by the statute of limitations, the trial court lacked jurisdiction over the case, and Gary was not given notice of the charges. As we have previously stated, collateral attacks on the predicate sexually violent offense convictions are beyond the scope of the proceedings and not cognizable on appeal.

Gary further complains that there was evidence presented that one of the convictions alleged was a 1986 conviction for rape although he had never been convicted of that offense. Gary misunderstands the evidence presented. Evidence was presented that on November 12, 1986, Gary was convicted of one court of committing a lewd act on a child under 14 years of age. (Pen. Code, § 288) Lewd and lascivious acts may include rape, sodomy, and oral copulation, among other things. (Pen. Code, § 288, subd. (a) ["lewd or lascivious act[s] . . . includ[e] any of the acts constituting other crimes provided for in Part 1 [Title 9 of the Penal Code]".) The conduct underlying Gary's conviction for violating section 288 was proven through Dr. Longwell's testimony that the records reflected the victim stated Gary forcibly raped her and forced her to orally copulate him. Thus, the evidence of rape was not offered to prove which Penal Code section Gary was convicted of violating, but rather to prove the conduct underlying that conviction.

12

### Contention Four

Gary contends that counsel was ineffective for failing to object to the admission of the state's psychological evaluations, which he claims relied upon false information that his 1986 conviction was for oral copulation. As was the case with Gary's contention that a nonexistent rape charge was used against him, oral copulation was not the conviction offense. Evidence that he made the victim orally copulate him was offered to prove the underlying conduct. Counsel was not ineffective for failing to object.

### Contention Five

Gary contends that counsel was ineffective for failing to research whether Evidence Code section 352.2 applies in his case. Evidence Code section 352.2 addresses the admissibility of artists' creative expression as evidence in criminal proceedings. Gary does not cite to any expression of creativity that was admitted into evidence in this case to which Evidence Code section 352.2 could conceivably be applied. Counsel did not provide ineffective assistance.

### Contention Six

Gary's contention six first attacks the validity of his 1986 conviction, which is beyond the scope of this appeal.

Gary next challenges his counsel's failure to object to evidence of the 1986 conviction because he claims that it was

dismissed.  The People introduced a certified abstract of judgment reflecting Gary's 1986 conviction for committing a lewd act on a child under 14 years of age.  (Pen. Code, § 288.)  Gary offers no basis for counsel to object to evidence of the 1986 conviction other than his own assertions of factual innocence, which were outside the scope of proceedings.

Gary also asserts that evidence of the 1986 conviction was a violation of Penal Code section 134 and resulted in instructional error.  Introduction of evidence of the 1986 conviction was not a violation of Penal Code section 134.  Penal Code section 134 provides:  "Every person guilty of preparing any false or ante-dated book, paper, record, instrument in writing, or other matter or thing, with intent to produce it, or allow it to be produced for any fraudulent or deceitful purpose, as genuine or true, upon any trial, proceeding, or inquiry whatever, authorized by law, is guilty of felony."  There is no factual basis for Gary's assertions that the evidence of the 1986 conviction was false.  Moreover, there could not be any instructional error, as Gary had a bench trial.  No instructions were given.

Finally, Gary argues that the psychological evaluators testified to case-specific facts that were not independently proven in violation of *People v. Sanchez* (2016) 63 Cal.4th 665 (*Sanchez*).[9] Even if we assume, without deciding, that *Sanchez* applies in the SVP context, Gary does not cite to any case-specific facts to which

---

[9] In *Sanchez*, our Supreme Court held that "[w]hen any expert relates to the [trier of fact] case-specific out-of-court statements, and treats the content of those statements as true and accurate to support the expert's opinion, the statements are hearsay."  (*Sanchez, supra,* 63 Cal.4th at p. 686.)

14

the psychological evaluators testified that constituted inadmissible hearsay.  In his *Wende/Anders/Ben C.* brief, appointed counsel suggested that *Sanchez* may apply to SVP proceedings, but he too failed to cite to any case-specific facts that constitute hearsay.  We decline to independently comb the record for potential hearsay statements that Gary and appointed counsel were unable to identify.

### **Contention Seven**

Gary's contention seven is that counsel provided ineffective assistance because Gary was denied right to testify over counsel's objection.  A respondent in SVP proceedings has the right to testify over the objection of counsel.  (*People v. Allen* (2008) 44 Cal.4th 843, 870.)  Violation of that right, however, is subject to harmless error analysis under *Chapman v. California* (1967) 386 U.S. 18, 24.  (*Allen*, at pp. 870–872 [error must be harmless beyond a reasonable doubt].)  Here, any error in refusing to permit Gary to testify was harmless.  Gary's factual innocence in the predicate convictions is a collateral matter beyond the scope of the SVP commitment proceedings and could not have impacted the outcome of trial.

Gary further claims that he was deprived of the opportunity to profess factual innocence in his predicate convictions pursuant to *McCoy v. Louisiana* (2018) 584 U.S. 414, which is structural error.  The argument lacks merit.  Gary's right to maintain his innocence in cases long ago final was not implicated.  "[C]ommitment proceedings under the SVPA . . . are not felony prosecutions, but special proceedings of a civil nature." (*People v. McDonald* (2013) 214 Cal.App.4th 1367, 1385.)

15

Finally, Gary argues that counsel displayed bias by not proceeding according to Gary's wishes. Gary has provided no legitimate basis for his claim that counsel was biased in any of his contentions.

**Contention Eight**

In his contention eight, Gary argues that his counsel rendered ineffective assistance by failing to subpoena witnesses from the predicate convictions to prove his factual innocence in an evidentiary hearing pursuant to Assembly Bill No. 1253. Assuming that Gary is referring to the Assembly Bill No. 1253 introduced in the current 2023-2024 session, the bill is enrolled. It has not been signed by the governor, let alone taken effect. Regardless, Assembly Bill No. 1253 proposes to add section 1285 to the Evidence Code to create exceptions to the hearsay rule for certain statements contained in police reports relating to predicate convictions at a probable cause hearing pursuant to section 6602. It cannot be used to subpoena witnesses to testify at an evidentiary hearing regarding the validity of predicate convictions in SVP commitment proceedings.[10] Counsel was not ineffective.

---

[10] Gary asserts that after subpoenaing these witnesses pursuant to Assembly Bill No. 1253, he could then cross-examine them and attack their credibility pursuant to Evidence Code sections 780, 782, 783, 1103, and 1106. We need not address these arguments as Assembly Bill No. 1253 does not permit Gary to subpoena witnesses to his predicate convictions.

16

### Contention Nine

In his contention nine, Gary argues that his counsel was ineffective for failing to move, pursuant to the Supreme Court's decision in *Walker, supra,* 12 Cal.5th 177, for discovery and an evidentiary hearing regarding the evidence of his nonexistent prior convictions for attempted rape and rape in 1974 and 1986, respectively. As we explained in our discussion of contention one (1974 conviction) and contention three (1986 conviction), the People did not allege that Gary was convicted of attempted rape in 1974 or rape in 1986, and Gary was not committed on the basis that he was convicted of those specific crimes. The evidence of attempted rape and rape was admitted through the testimony of Dr. Longwell to prove the underlying facts of the predicate convictions. Counsel did not render ineffective assistance.

Gary reads *Walker*, *supra*, 12 Cal.5th 177, to prohibit the prosecution from proving predicate convictions through police reports, and argues that he is entitled to an evidentiary hearing pursuant to *Walker*. Contrary to Gary's contention, *Walker* does not impact *predicate* convictions. In *Walker*, the Supreme Court held that the SVP Act (§ 6600 et. seq.) "does not create an exception that allows hearsay regarding *nonpredicate* offenses to be introduced via evaluation reports." (*Walker*, at p. 185, italics added.) *Walker* had no impact on the evidence that may be introduced with regard to predicate offenses.

Evidence of predicate offenses is governed by section 6600, subdivision (a)(3), which "permits the prosecution to show the existence of and details underlying the first element of the SVP determination—a predicate sex-offense conviction—'by

17

documentary evidence, including, but not limited to, preliminary hearing transcripts, trial transcripts, probation and sentencing reports, and evaluations by the [DSH].' " (*Walker*, *supra*, 12 Cal.5th at p. 198.) "In light of its purpose, [the Supreme Court has] interpreted the provision as allowing the prosecution to prove the facts of a defendant's prior qualifying convictions not just with certain documents (like evaluations) but also with multiple-level-hearsay statements contained therein (like police and probation reports, and victim and witness statements they include)." (*Ibid*.) To the extent that the doctors who conducted the psychological evaluations relied upon and testified regarding evidence contained in police reports, such reliance and testimony was permitted.

### Contention Ten

Gary's contention ten reiterates his earlier challenges to his 1974 and 1986 convictions on the basis that they are not for attempted rape and rape, and no abstracts of judgment were introduced to prove otherwise. He claims that counsel was ineffective for failure to further investigate his convictions, provide evidence on them, and object to the prosecutor's use of them. As we have explained, Gary's predicate convictions were for kidnapping (Pen. Code, § 207) in 1974 and lewd acts on a child under 14 years of age (Pen. Code, § 288) in 1986. Evidence of attempted rape and rape was admitted to show the conduct underlying those convictions. (See contention one and contention three discussions above.) It was not necessary for the People to introduce an abstract of judgment for attempted rape or rape. Counsel was not ineffective.

18

## Contention Eleven

Gary's contention eleven is that his counsel was ineffective, violated his due process rights, and violated the Rules of Professional Responsibility by waiving closing argument on all of the foregoing contentions. The contention lacks merit. As we have explained, the People presented evidence of Gary's convictions for kidnapping and lewd acts upon a child under the age of 14. Counsel would have had no basis for arguing that the predicate crimes alleged were for offenses Gary was not convicted of. Moreover, all of Gary's challenges to his convictions on the ground that he was factually innocent were outside the scope of the SVP commitment trial, which was in any case a civil action and not a criminal proceeding. (*People v. McDonald*, *supra*, 214 Cal.App.4th at p. 1385.)

## Contention Twelve

Gary's contention twelve reiterates his argument in contention seven that counsel deprived him of the opportunity to profess factual innocence in his predicate convictions pursuant to *McCoy v. Louisiana, supra,* 584 U.S. 414, which is structural error. The argument lacks merit. Gary's right to maintain his innocence in cases long ago final was not implicated. "[C]ommitment proceedings under the SVPA . . . are not felony prosecutions, but special proceedings of a civil nature." (*People v. McDonald*, *supra*, 214 Cal.App.4th at p. 1385.)

19

## Contention Thirteen

In contention thirteen, Gary reiterates that his 1986 conviction was time-barred by the statute of limitations, that he was not given notice that he was charged with oral copulation, and that his sentence was unauthorized.  As we have explained, oral copulation was not the predicate conviction offense. Evidence that Gary made the victim orally copulate him was offered to prove the underlying conduct of the predicate offense, not the offense of conviction.  Gary's other arguments regarding his factual innocence in the predicate convictions are beyond the scope of SVP commitment proceedings.  Contention thirteen lacks merit.

## DISPOSITION

The trial court's order of commitment pursuant to Welfare and Institutions Code section 6600 et seq. is affirmed.
NOT TO BE PUBLISHED.

MOOR, Acting, P. J.

We concur:

KIM, J.

LEE, J.*

---

* Judge of the San Bernardino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.